Wilson v. Mathews.

———————•◦•———————

## WILSON vs. MATHEWS.

In an action to recover damages for an unlawful conversion of the plaintiff's property, the rule of damages is, the highest value of the property at any time between the act of conversion and the day of trial. ROOSEVELT, J., dissented.

In such an action the plaintiff cannot recover as special damages the costs and expenses of an unsuccessful suit against a person to whom the defendant had delivered the property.

THE plaintiff, in 1851, residing in Niagara county in this state, forwarded to the defendant, residing at Oswego, wheat to be by him forwarded to Moore, Tibbitts & Co. of Troy. The defendant did not forward all that he received, but sent 700 bushels and 39 pounds to one Nason. The plaintiff called on the defendant for the wheat thus converted, and the defendant stated that he had sent the same to Henry Nason, of this city. Thereupon the defendant assigned and

delivered to the plaintiff the bill of lading for said wheat, and an order on Nason to pay over to the plaintiff the proceeds of the wheat.  Nason, on demand, declined either to deliver the wheat or pay over the proceeds; whereupon the plaintiff commenced a suit in the superior court, against Nason, and such proceedings were had therein, that judgment was rendered for the defendant.  On the 21st of July, 1854, the plaintiff paid the defendant's costs in that court, amounting to $234.99, and his own costs therein, being $501.47; the total $736.46.  The plaintiff thereupon commenced his action in this court, and claimed to recover of the defendant the highest·price which said wheat had attained since the conversion thereof, being $2.75 a bushel, and amounting to the sum of $1986.87; and claimed to recover as special damage, the costs and expenses in the suit in the superior court, brought against Nason.

A verdict was taken at the circuit, for the whole sum claimed by the plaintiff, subject to adjustment by this court, or to render judgment for the defendant, as the court should be advised.

*H. H. Stuart*, for the plaintiff.

*Jas. Humphrey*, for the defendant.

DAVIES, J.   The main point in controversy between the parties is, what is the rule of damages to be adopted in this case ?  The plaintiff contends that the true rule is the highest price cf the article converted, at any time between the act of conversion and the time of trial; while the defendant contends that the rule is, the value of the article converted, at the time of conversion.

The rule as contended for by the plaintiff, is certainly that which has been laid down by the highest court of this state as applicable to a refusal of a bank to permit a transfer of stock, to which the party was entitled. (*Com. Bank of Buffalo* v. *Kortright*, 22 *Wend.* 336.)   And the court adopt this rule on the authority of *West* v. *Wentworth*, (3 *Cowen*, 82,) where that court adopted the rule laid down by Judge Grose, in 2

Wilson v. Mathews.

*East*, 211, that " the true measure of damages in all these cases is that which will indemnify the plaintiff for the breach."

The case of *West* v. *Wentworth*, was an action on a note payable in specific articles, not delivered. And it was held that the measure of damages was the highest price of those articles at any time betwen the note's falling due, and the time of trial. The case in 3 *East*, was an action upon a contract to replace a quantity of stock on a given day, and it was held that the plaintiff was entitled to recover the highest value of the stock as it stood at the time of the trial, and not its value on the day when it should have been delivered. Grose, J., in addition to the remark quoted above, says, "If the defendant neglect to replace the stock on the day appointed, and the stock afterwards rise in value, the plaintiff can only be indemnified by giving him the price of it at the time of the trial, and it is no answer to say that the defendant may be prejudiced by the plaintiff's delaying to bring his action ; for it is his own fault that he does not perform his engagement at the time." *Cortelyou* v. *Lansing*, (2 *Caines' Cases in Error*, 216,) was relied upon by the court as sanctioning the doctrine of *West* v. *Wentworth*. That was an action of assumpsit, brought by the representative of a pawnor against the pawnee of a depreciation note, which the pawnee had sold before application to redeem, and it was held that the plaintiffs were entitled to recover the value of the note at the time of the application, and not at the time of the pledge.

The court in the case of *West* v. *Wentworth* say, that the same rule holds in trover, and that if the chattel be not of a fixed and determinate value, its worth at the time of conversion is not the rule of damages, but they may be enhanced according to the increased value of the chattel subsequent to that time. And the case of *Fish* v. *Prince*, (3 *Burr*. 1363,) and *Whittier* v. *Fuller*, (2 *Bl. Rep*. 902,) are cited as authority for this position. These cases sanction the doctrine they are cited to sustain. This whole doctrine is ably reviewed by Justice Sutherland in the case of *Clark* v. *Pinney*, (7 *Cowen*, 681,) and we are not aware that the authority of this case has ever

been questioned by the courts of this state. It is sufficient for us that it is the law of this court, and we see no reason either upon principle or authority, for departing from it, or seeking to weaken its force.

Judge Sutherland, in delivering the opinion of the court, says, "If he, (the plaintiff,) immediately or without any unreasonable delay, commence and prosecute his action, we think it just and proper that the fluctuation in price should be exclusively at the hazard of the defendant, the plaintiff having done every thing in his power to have the contract settled and adjusted, and which is prevented solely by the laches and default of the defendant. In such a case, therefore, the plaintiff is entitled to the highest price between the day when the delivery should have been made and the day of trial. But when he delays the prosecution of his claim, beyond the period which may be considered reasonable, for the purpose of endeavoring to make an amicable arrangement, he must be considered as assenting to the delay, and ought to participate in the hazard of it."

In the case at bar, the plaintiff lost no time in demanding of the defendant his wheat, and it was to accommodate the defendant, and for his benefit, that he sought out Nason, to whom the defendant had sent it. The suit against him was promptly commenced, in January, 1852, and on its adverse termination in July, 1854, this suit was commenced. As no objection was taken on the argument, that any delay had intervened, we assume that the plaintiff has not delayed the prosecution of his claim, beyond the period which may be considered reasonable, and that, therefore, the proper rule of damages is the highest value of the property at any time between the day of its con version and the day of trial. No other rule can afford him full indemnity for the defendant's default, and this he is entitled to receive. (*See also Sedgwick on Damages, p.* 479.)

The next point for consideration is, whether the plaintiff can recover as special damage the costs and expenses in the suit against Nason. As this suit was not prosecuted at the request of the present defendant, nor as we see for his benefit, it is

Wilson *v.* Mathews.

difficult to perceive upon what principle the plaintiff is entitled to recover those expenses of this defendant. They do not come within the case of *Bennett* v. *Lockwood*, (20 *Wend.* 223.)

In this case, as in that, the damages are duly claimed and if they were such as the plaintiff was entitled to recover, there could be no difficulty in that respect.

These costs and expenses were not such as the plaintiff was put to in the use of reasonable means on his part to repossess himself of his property; neither were they occasioned by the wrongful act of the defendant. I do not see that the plaintiff is entitled, on any principle, to recover them of this defendant, and the verdict of the jury must be accordingly modified, by deducting therefrom the amount of such costs and expenses, and judgment for the plaintiff on the verdict, for the balance with costs.

MITCHELL, J. I concur, on account of the authorities in favor of the plaintiff. A rule which is to fluctuate through a series of years can hardly be called a rule. In principle, the measure of damages should be the value at the time of the conversion, or of the commencement of the suit. But the authorities allow the highest price at any time before the trial, where, as in this case, the defendant holds the plaintiff's money or goods. The verdict should be modified according to the above opinion of Justice DAVIES.

ROOSEVELT, J., dissented.

Verdict modified by deducting amount of costs and expenses in suit against Nason.

[NEW YORK GENERAL TERM, June 6, 1857. *Mitchell, Roosevelt* and *Davies,* Justices.]