DRUSILLA BURT, Executrix, &c., Respondent, *v.* JOHN DUTCHER, Appellant.

An executory contract for the sale of personal property does not pass the title to the same.

Where goods are wrongfully taken and converted, in an action to recover damages for the same, the rule of damage is, the highest market price of such goods at the place of the taking, between the time of the taking and that of the trial.

*John H. Reynolds,* for the appellant.

*L. I. Burdett,* for the respondent.

DAVIES, Ch. J.   This action was brought in November, 1860, by Uri Burt and Charles Burt, composing the firm of Uri Burt & Co., of Albany, to recover damages for the alleged wrongful taking by the defendant, from the railroad depot at Fort Plain, and conversion by him, of nineteen bales of hops, of which the plaintiffs claimed to be the owners.   The surviving plaintiff having died, the action has been revived in the name of his executrix.   The referee who tried the action found the following facts :

First.  That the plaintiffs in this action were, at and prior to the 19th day of October, 1860, copartners, doing business in the city of Albany, under the firm name and style of U. Burt & Co.

Second.  That Nancy Church, of the town of Middlefield, in the county of Otsego, on the 19th day of October, 1860, was the owner of nineteen bales of hops, weighing in the aggregate 3,653 pounds, which were at that time in Bamber & Walradt's storehouse at Fort Plain.

Third.  That, on the 19th day of October, 1860, Robert Skillin was the legal agent of Nancy Church, and as such had full power and authority to sell and dispose of said hops for her.

Fourth.  That, on the 19th day of October, 1860, Robert Skillin, as such agent, contracted to sell the said hops to one Baldwin, at 27 cents per pound, and deliver said hops to said Baldwin on the 20th day of October, 1860, at Bamber & Walradt's storehouse in Fort Plain; that said Baldwin paid

to said Skillin, at the time of making the contract, the sum of $70 toward the said hops, and that the balance was to be paid on the delivery of the same.

Fifth. That, on the 20th day of October, 1860, the said hops were delivered to said Baldwin at Bamber & Walradt's storehouse in Fort Plain, in pursuance of the contract, and that said Baldwin took possession of said hops and paid the balance of the purchase price of the same on that day.

Sixth. That, on the 19th day of October, 1860, one Waterman was engaged in the purchase of hops for the plaintiffs in this action, as their agent for that purpose, and on that day purchased for the plaintiffs the hops in question of said Baldwin, at the price of 28½ cents per pound, and to be delivered to plaintiffs on the 20th of October, 1860, at the railroad depot opposite Fort Plain; and that such purchase was made by said Waterman for the plaintiffs after the said Baldwin had made the contract aforesaid for said hops; and that said Waterman paid said Baldwin for the hops at the time he purchased them as aforesaid.

Seventh. That said Baldwin, on the 20th of October, 1860, did deliver the said hops to the plaintiffs, at the railroad depot opposite Fort Plain.

Eighth. That, on the 22d day of October, 1860, the defendant wrongfully took and carried away eighteen bales of said hops, the aggregate weight of which was 3,453 pounds, and converted said eighteen bales to his own use.

Ninth. That this suit was commenced on the 7th day of November, 1860, and tried on the 26th day of April, 1861.

Tenth. That the highest market value at Fort Plain, of said eighteen bales of hops, between the 22d day of October, 1860, and the 26th day of April, 1861, was thirty cents per pound; and he found, as conclusion of law, that the sum of thirty cents per pound was the measure of damages in this action, and gave judgment for the plaintiff accordingly.

At the request of the counsel for the defendant, the referee found some additional facts, namely:

1. That the sale of the hops to Baldwin was by sample, and so was also the sale by Baldwin to Waterman, and the

plaintiffs furnished no money to Waterman to buy or pay for the hops.

2. That on the 20th of October, 1860, Baldwin deposited the hops in the railroad freight depot opposite Fort Plain, in pursuance of the contract between him and Waterman, but neither he nor the plaintiffs were present at the time.

3. That in August, 1860, the defendant, through an agent, made a contract through an agent of Mrs. Church for the hops, and that nothing was agreed upon as to the time of delivery; although defendant's agent told Mrs. Church to take the hops to Fort Plain on the 20th of October, and he would be there then to pay for them.

Judgment on the report of the referee was affirmed at General Term.

Upon the facts found by the referee, the judgment was unquestionably correct. The contract between the defendant and Mrs. Church was an executory contract, and the title to the hops remained in Mrs. Church until delivery. She never did deliver them to the defendant, but sold and delivered them to the plaintiff's vendor, and he sold and delivered them to the plaintiffs, and they acquired an absolute title thereto. A sale and delivery to the plaintiffs vested in them an absolute title to the hops, and the defendant was liable to them for their taking and conversion.

The rule of damages laid down by the referee has received the approval of this court, in the case of *Scott* v. *Rogers*, decided December 29, 1864 (31 N. Y., 676), affirming and approving the rule of damages as announced in *Wilson* v. *Mathews* (24 Barb., 295).

The judgment appealed from should be affirmed, with costs.

MORGAN, J. The defendant's argument concedes that no title passed to him by his contract with Mrs. Church. He is therefore to be regarded as a stranger, and is liable in this action, not only to the owner of the goods, but to his bailee in possession. (2 Sand. on Pl. and Ev., 1151; *Bowen* v. *Fenner*, 40 Barb., 383.)

The case shows that the seller took the hops to the railroad

depot, and left them in charge of the clerk of the plaintiffs, subject to their order. The referee found, as a matter of fact, that there was a delivery of the property to the plaintiffs, which, I think, was well supported by the evidence. This was sufficient to enable the plaintiffs to maintain trespass against the defendant, who took them without any title whatever.

It was claimed that the sale was by sample, and the plaintiffs had not yet accepted the property so as to vest the title. But as there was a delivery, it was quite immaterial whether it was an absolute or conditional delivery. A vendee in possession of goods, under an executory contract, though he never acquires the title as against the vendor, may have his action against a stranger who carries them away.

But if there was no actual delivery of the property to the plaintiffs, I think there was a constructive delivery. As between buyer and seller, the title passes without delivery, if such was their intention. As the purchase price was paid, there is no difficulty growing out of the statute of frauds. There is no evidence in the case which tends to show that the plaintiffs reserved the right to inspect the bales; but, on the contrary, the evidence is quite satisfactory that the parties intended to complete it by doing all that was necessary to perfect the title in the plaintiffs.

I think the referee was wrong in holding that it was a sale by sample. (*Beirne* v. *Dord*, 5 N. Y., 105.) But if it was, the seller did all he could to pass the effectual control of the goods from himself to the buyer, and this was a sufficient delivery to pass the title. (2 Pars. on Contr., 336.)

The purchasers had the opportunity to inspect the goods, and I think they could not afterward object that the bulk was not equal to the sample, either for the purpose of rescinding the contract, or of maintaining an action upon an implied warranty. (*Hargous* v. *Stone*, 5 N. Y., 73.)

Upon the question of damages, the rule adopted by the referee was recognized and affirmed by this court in the case of *Romaine* v. *Van Allen* (26 N. Y., 309).

The judgment should be affirmed.

Judgment affirmed.