BURTON H. ALDRICH & another *vs.* ALFRED B. HODGES.

Bristol.    October 30, 1895. — November 27, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Trover — Conversion — Consignment of Goods with Right of Sale and Payment when sold — Defence — Pendency of previous Action by Consignor against Defendant for Conversion of same Goods.*

The consignees, who are partners, of goods, having the rightful possession of them, with the right to sell them and to pay for them as they are sold, the title remaining in the consignor until the purchase price has been paid, may maintain trover for the conversion of the goods by an officer, who seizes them upon an execution against one of the consignees ; and the pendency of a previous action in the same court by the consignor against the officer for the conversion of the same goods is no defence.

TORT, by Burton H. Aldrich and William Dobson, copartners as B. H. Aldrich and Company, for the conversion of certain liquors, alleged to be the property of the plaintiffs. Answer: 1. A general denial. 2. That the defendant, as a deputy sheriff, seized the goods in question by virtue of an execution against the plaintiff Aldrich. Writ dated December 24, 1894. Trial in the Superior Court, before *Lilley*, J., who allowed a bill of exceptions, in substance as follows.

There was evidence tending to prove that S. C. Boehm and Company, of New York, had consigned the goods in question to the plaintiffs, which was denied by the defendant.

A member of the firm of Boehm and Company, called as a witness by the plaintiffs, testified that the title of the goods remained in them until the purchase price was paid; that the plaintiffs were to have possession of the goods, which had been shipped and delivered to them by Boehm and Company; and

that Boehm and Company were to be paid for the goods by the plaintiffs as they were sold by the latter.

This testimony was uncontradicted; and it appeared that the plaintiffs had possession of the goods at the time of the alleged conversion by the defendant.

It appeared in evidence that an action was brought by Boehm and Company against the defendant, on July 21, 1894, in the Superior Court, which action is still pending; and that in that action the conversion of the same goods by the defendant was complained of as in the case at bar.

At the conclusion of the evidence, the defendant asked the judge to rule that the present action could not be maintained; but the judge declined so to rule.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*F. V. Fuller*, for the defendant.

*F. S. Hall*, for the plaintiffs.

BARKER, J.   We assume that the title to the goods remained in Boehm and Company until the purchase price should be paid, and that the plaintiffs, to whom as partners Boehm and Company consigned the goods, had the rightful possession of them, with the right to sell them and to pay for them as they were sold.   The defendant having seized the goods upon an execution against one of the plaintiffs, contends that this action cannot be maintained, because before its commencement Boehm and Company had brought their action against him for the conversion of the goods, returnable to the same court, and that their action is still pending.   But the pendency of that action has no effect upon the title of the goods; *Miller* v. *Hyde*, 161 Mass. 472, 482; and therefore constitutes no defence to the present action, whether pleaded in abatement or proved as a defence upon the merits under the general issue.   No question of pleading, or as to the measure of the plaintiffs' damages, is raised by the exception, which is merely to the refusal to rule that the present action could not be maintained.   The plaintiffs had a special property in the goods, and lawful possession, and could maintain trover. *Burke* v. *Savage*, 13 Allen, 408.   *Shaw* v. *Kaler*, 106 Mass. 448.

*Exceptions overruled.*