### JULIA F. PEAKS *vs.* MELVILLE L. COBB.

Suffolk.    January 17, 1906. — May 25, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Evidence,* Best and Secondary.    *Landlord and Tenant.*

A party to a lease which was executed in duplicate cannot be allowed to prove the contents of the lease by oral testimony merely on showing that his own original of the lease is lost, if he does not show that he has made any effort to procure the other original and he has not called the other party to the lease as a witness although that party is living in the city where the case is tried.

TORT, against the owner of a building numbered 102 on Huntington Avenue in Boston, by Julia F. Peaks, who hired a room from one Mrs. St. Ledger, the lessee of an apartment or suite of rooms in that building, for personal injuries from falling on a walk leading from the entrance of the building to the sidewalk of Huntington Avenue.    Writ dated March 25, 1901.

At the trial in the Superior Court before *Hitchcock,* J. the defendant was allowed, against the objection and exception of the plaintiff, to testify to the language of the covenant in the lease from him to Mrs. St. Ledger which is mentioned in the opinion and under the circumstances there stated.    The judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*E. R. Anderson,* (*A. T. Smith* with him,) for the plaintiff.

*W. H. Hitchcock,* for the defendant.

HAMMOND, J.    One of the grounds of the defence was that in the lease from the defendant to Mrs. St. Ledger, from whom the plaintiff hired the room, there was a clause to the effect that the lessee should not lease, underlet nor permit any other person to occupy the premises named in the lease, without the written consent of the lessor; and the defendant undertook to prove the existence of such a provision.

The lease was executed in duplicate, one being retained by the lessor and the other given by him to the lessee.    Each was therefore an original, and as evidence of the contract could have been introduced without the production of the other.    The de-

fendant testified that he had searched for his paper and could not find it. Upon this evidence the judge could have found, and it is to be assumed that he did find, that it was lost. If this had been the only original, secondary evidence of its contents of course could have been admitted. But it was not the only original. The other was presumed to be in the possession of Mrs. St. Ledger, the lessee, to whom the defendant had given it. A witness called by the plaintiff testified on cross-examination that Mrs. St. Ledger was living on Massachusetts Avenue in Boston, the place of the trial, and that the witness knew of no reason why she could not be present at the trial. It does not appear that any effort whatever was made to procure the original which had been delivered to her. Upon the evidence it is to be presumed that the paper was within the jurisdiction of the court.

Here, then, is the case of two originals, one lost and one presumably still in the hands of a third party within reach of the court. Under these circumstances the rule is that no secondary evidence of the contents of either is admissible until it is shown that reasonable effort has been made to procure the other. All originals must be accounted for before secondary evidence can be given of any one. Stark. Ev. (10th Am. ed.) 542, *ad finem*, and cases therein cited. 1 Greenl. Ev. § 563, and cases cited. 2 Wigmore Ev. § 1233, and cases cited. See also *Poignand* v. *Smith*, 8 Pick. 272. The exception to the admission of the oral evidence of the contents of the lease must be sustained.

It is contended by the plaintiff that, even if there was such a provision in the lease as the defendant described, still the contract between the plaintiff and Mrs. St. Ledger was not in violation of it. The precise nature of this contract, however, is not clearly set forth in the bill of exceptions; and it is better that this question should not be decided until, in addition to the exact provisions of the lease, the nature of the contract between the plaintiff and the original lessee is more definitely shown.

*Exceptions sustained.*