*J. B. Sanders,* for plaintiff in error. *W. C. Davis,* contra.

---

### 2267. ROPER WHOLESALE GROCERY CO. *v.* FAVER.

1. The refusal to direct a verdict is not error in any case.

2. When a vendee is entitled to the possession of chattels he may maintain trover for their conversion against either the vendor or third persons; and this is true even though, under the terms of a conditional sale, the legal title to the chattels is reserved by the vendor. As against a vendor who has reserved the title, the vendee may maintain trover by showing that his right of possession is wrongfully withheld from him by the defendant. The gist of the action of trover is the injury to the right of possession. The action of trover being founded on a concurrent right of property and possession, any act of the defendant which negatives or is inconsistent with such right amounts in law to a conversion. Wherever there is a conversion, trover is the remedy, and, as against a wrong-doer, possession will be held to be conclusive evidence of such general or special property in the personalty as is essential to maintain trover.

3. Where, in an action of trover, the plaintiff elects to take a money verdict, the suit resolves itself into one for damages; and if the proof shows that the interest of the plaintiff in the property is less than that of absolute ownership, the measure of damages will be the value of the plaintiff's interest therein, whatever that may be.

4. The evidence authorized the verdict, and there was no error in refusing a new trial.

DECIDED SEPTEMBER 6, 1910.

Complaint; from city court of LaGrange—Judge Harwell. September 18, 1909.

*E. R. Bradfield Jr.,* for plaintiff in error.

*E. A. Jones, Hatton Lovejoy,* contra.

RUSSELL, J.  Faver, as trustee for D. L. Carter, bankrupt, brought a suit against the Roper Wholesale Grocery Company, by which he sought to recover certain personal property described in the petition, which it was alleged had been taken from the assets of the bankrupt by the defendant.  Upon the call of the case the plaintiff abandoned that portion of the petition which sought to recover the property on the idea that by the delivery of the property the bankrupt had made a preference in violation of the bank-- rupt law, and the case proceeded to trial upon that portion of the petition which can very well be treated as an ordinary action of trover.  The jury returned a verdict in favor of the plaintiff for $125.87, as the difference between the actual value of the property converted and the interest of the defendant therein under its reser- vation of title.  The court refused a new trial, and exception is taken to this judgment.

There is conflict in the evidence, but, in view of the verdict, we must assume that the testimony for the plaintiff represents the truth of the transaction.  According to this testimony, a repre- sentative of the Roper Wholesale Grocery Company took the prop- erty from the bankrupt without his consent.  The goods and fix- tures which were the subject-matter of the present suit were as- signed to one Heard to pay a debt of $250, and the title to the per- sonalty was passed by the writing with a provision that any pay- ments on it would reduce the debt evidenced thereby.  This con- tract and assignment of title was transferred by Heard to the Roper Wholesale Grocery Company for a consideration of $245.  The agreed valuation of the articles, title to which was conveyed to Heard and by him transferred to the Grocery Company, as evi- denced by the writing, was $363.  The conversion was shown to have occurred on January 28, 1908, which was the date upon which Mr. Carter testified that Roper took the property from his posses- sion.

By exceptions pendente lite the plaintiff in error complained that the judge refused to direct a verdict in favor of the defendant at the close of the testimony.  No valid exception can ever be based upon the refusal of a trial judge to direct a verdict in favor of either party.  The judge may direct a verdict, at his peril, and if the verdict directed is the only finding that could properly and legally have been reached under any view of the case, he has effected

an economy of time, and his judgment will not be reversed, because the error is harmless.    Inasmuch, however, as the only ground upon which the direction of a verdict is sanctioned is that it is such a harmless error that it will not be regarded, there is no case in which a judge can be required to direct a verdict or in which it can be said that he errs if he refuses to do so.

The real question in the case is presented by the exception of the plaintiff in error to the following charge of the court.    There being evidence that the property was of a value greater in amount than the amount of the plaintiff's indebtedness to the defendant, the court charged the jury as follows:  "If you find, from the evidence in this case, that R. L. Carter & Co. did execute and deliver this instrument, to which I have called your attention, to G. B. Heard, to secure a debt due by Carter & Co. to Heard, and that thereafter Heard, as set out here on the back of this paper, transferred it to Roper Wholesale Grocery Company, and defendant paid to Heard the debt owed to Heard by R. L. Carter & Co., and to secure which this paper was given, and if you find that Carter & Co. has never paid to Roper Wholesale Grocery Company this Heard debt, and that the property enumerated in the writing includes the property in controversy, and if you further find that Mr. Roper, in behalf of the Roper Wholesale Grocery Company, the defendant, took possession of this property in controversy, without the consent of Carter,—forcibly took possession of it,—and if you further find that at that time R. L. Carter & Co. had the right of possession to this property, notwithstanding that Roper Wholesale Grocery Company, as transferees of G. B. Heard, had title to it, if the firm of R. L. Carter & Co. had the right of possession, then I charge you that the plaintiff in this case would be entitled to recover, and the measure of his recovery would be this: In the event that you find that the value of the property was greater than the amount of the debt, if any, which was secured by this instrument of writing, then the plaintiff would be entitled to recover the difference, with interest on the difference, whatever you find it to be, at seven per cent., from the date of conversion.    If you find that the value of the property is equal to or less than the amount of the debt, then there could be no recovery for the plaintiff."    The exception to this charge is that it is error because it would have been necessary for the plaintiff to show title in himself before he would be authorized

to recover at all. Of course, we understand this to mean that the plaintiff makes the contention that, as there was evidence that the bankrupt had conveyed title to the property to the Grocery Company as the assignee of Heard, he could not maintain the action, and it is contended, in the second place, that the measure of damages is improperly stated, and the case as submitted to the jury was an entirely different one from that brought by the plaintiff in its petition. It is not necessary, in order to maintain an action of trover, that the plaintiff have title. If he have either such a title or property as to confer right of possession, he may maintain trover as against one who wrongfully deprives him of his right. "To maintain an action of trover, the plaintiff must show title in himself, or the right of possession wrongfully withheld from him by the defendant." Without going at any length into the subject, it may be said that in this case the plaintiff had merely given to the defendant's assignor a conditional bill of sale; and the authorities are abundant that when, by the terms of a conditional sale, the buyer is entitled to possession, he may maintain trover for a conversion of the chattel which was sold to him, against third persons, and even against the seller himself. *Mitchell* v. *Georgia & Alabama Ry.,* 111 *Ga.* 762 (36 S. E. 971, 51 L. R. A. 622) ; Aldrich v. Hodges, 164 Mass. 570 (42 N. E. 107) ; Burt v. Dutcher, 34 N. Y. 493. A wrongful sale by a conditional vendor is a conversion against the vendee. Smith v. Wood, 63 Vt. 534 (22 Atl. 575).

*Judgment affirmed.*