SALVATORE SOTTILE *vs.* LEWIS P. KAUFMAN.

Suffolk.    March 16, 1922. — June 30, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Landlord and Tenant,* Eviction. *Evidence,* Of right of occupancy.

In an action for damages resulting from an alleged unlawful eviction of the plaintiff as a tenant, it appeared that the alleged eviction resulted from the tearing down of a building occupied by the plaintiff. There was evidence tending to show that a former owner of the premises had given a lease in writing to one known as the "general lessee," who had executed to various tenants subleases of different parts of the building, and that some if not all of these sublessees had assigned their subleases in whole or in part to others. Neither the leases to the "general lessee" nor any of the subleases were in evidence. The plaintiff relied for his title upon a lease, not from the general lessee, which contained the following recital: "It is hereby understood and agreed that both parties of this lease shall bear in mind the tenor of a lease executed between the Lessor herein, and the G Company, dated January 20, 1915, reference to which lease is made for a more particular meaning as to conditions of occupation and use of the leased premises." The lease to the G Company was not offered in evidence and there was no evidence of its terms or conditions. Its absence was not accounted for; it did not appear that it had been lost or destroyed, nor that any effort whatever had been made to produce it. There was evidence that the G Company at one time occupied a portion of the building under a written lease. *Held,* that

(1) The plaintiff's rights depended upon the validity of his lease, and the burden rested upon him at the trial to prove that he was rightfully in possession and occupancy of the premises when the acts complained of were committed;

(2) As neither the lease under which the plaintiff's lessor claimed title nor any other leases previously given were in evidence, there was no affirmative evidence to show that the plaintiff rightfully was in possession against the defendant;

(3) A verdict for the defendant should have been ordered.

TORT for damages resulting from an alleged unlawful eviction from premises of which the plaintiff alleged he was in lawful occupation as a lessee. Writ dated April 4, 1921.

In the Superior Court, the action was tried before *J. F. Brown,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied.

He then asked, among other rulings, for the following:

"1. Upon all the evidence the defendant is entitled to a verdict.

"2. In order to recover from the defendant for an eviction, from the full term of the plaintiff's lease, the burden is on the plaintiff to prove: (a) that at the time of the alleged eviction the plaintiff occupied the premises as a lessee under a valid lease and in accordance with the terms of a prior lease referred to in his lease; (b) that the lease in evidence from one Berman was given to the plaintiff in accordance with a right or privilege granted to Berman so to do and in conformance with any conditions imposed, or that the same were waived.

"3. Upon all the evidence the plaintiff has failed to sustain his burden of proof."

There was a verdict for the plaintiff in the sum of $1,357; and the defendant alleged exceptions.

*J. F. Barry,* for the defendant.

*J. J. O'Connor,* for the plaintiff.

CROSBY, J. This is an action to recover damages arising from the alleged eviction of the plaintiff from the premises numbered 24 Brattle Street in Boston, occupied by him as a barber shop. The building in which the shop was located fronted on Cornhill and extended to Brattle Street. The property formerly was owned by Anna P. Rogers and was leased by her to Edward S. Everett who is described as the "general lessee," from which we assume he was lessee of the whole building. There was evidence that he executed to various tenants subleases of different parts of the building; that some if not all of the lessees from him assigned their leases in whole or in part to others; that neither the lease from the owner to Everett nor any of the other leases was offered in evidence; nor was there definite proof of the contents of any of them except of the one to the plaintiff from Hyman Berman, a copy of which is printed in the record. This lease is dated January 25, 1915, and by its terms expired on November 31, 1918. It contains the following and other recitals: "It is hereby understood and agreed that both parties of this lease shall bear in mind the tenor of a lease executed between the Lessor herein, and the Great Ceylon Tea Company, dated January 20, 1915, reference to which lease is made for a more particular meaning as to conditions of occupation and use of the leased premises."

On or about July 1, 1917, the record owner (one Augusta Mey-

ers) acting through her agent (the defendant) entered upon the premises, erected barriers on the sidewalk in front thereof, and razed the entire building for the purpose of erecting in its place a new one. The defendant's answer, among other defences, contains a general denial which expressly meets the allegations in the declaration and requires the plaintiff to show a right to occupy the premises as lessee in order to maintain his action.

While there is evidence that the Great Ceylon Tea Company at one time occupied a portion of the building under a written lease, there is no evidence of the terms or conditions of any lease between the plaintiff's lessor and the tea company. The lease referred to was not offered in evidence and its absence was not accounted for; it did not appear that it had been lost or destroyed, nor that any effort whatever had been made to produce it. The plaintiff's rights depend upon the validity of his lease; and the burden rested upon him at the trial to prove that he was rightfully in possession and occupancy of the premises when the acts complained of were committed. *Bennett* v. *Clemence*, 6 Allen, 10, 14. *Peaks* v. *Cobb*, 192 Mass. 196.

As the lease under which the plaintiff's lessor claimed title is not before us, nor any other leases previously given, there is no affirmative evidence to show that he was rightfully in possession as against the owner. Besides the burden rested on him to prove that the "conditions of occupation and use of the leased premises" were in conformity with the lease between Berman and the Great Ceylon Tea Company. The conditions referred to were not before the jury and they had no means of determining whether the plaintiff was rightfully in possession when the building was demolished. Accordingly the plaintiff failed to offer any evidence of title sufficient to enable him to maintain this action. It follows that the defendant's motion that a verdict be returned in his favor should have been allowed; the exception to its refusal is sustained.

The exceptions to the refusal of the court to give the defendant's first, second and third requests, for the reasons stated must be sustained; the others have become immaterial.

*Exceptions sustained.*