Wmsorr, J.
This is an action of tort brought by the plaintiff as the assignee of the chose in action of the Homestead Company for the alleged conversion by the defendant of a “clamshell bucket” belonging to the Homestead Company. The defendant’s answer was a general denial. The writ in this action was returnable in Court on January 28, 1939, and came on for trial on March 13, 1939.
At the trial there was evidence tending to show that the Homestead Company on or about April 20,1937, owned a “clamshell bucket;” that the defendant waé then in possession of the bucket; that on April 20, 1937, the plaintiff’s assignor made a legal demand for the return of this bucket, which demand was refused by the defendant. No question is here raised of the validity of the assignment to the plaintiff.
During the trial, in cross examination of a witness for the plaintiff, the defendant asked the following questions which were admitted over the objection of the plaintiff. The plaintiff claimed a report.
“1. Did you as assignee of the rights of the Homestead Company in the bucket in issue in this case bring suit in an action of tort for conversion in the District Court of Somerville, prior to this suit?
“2. Did you set forth in the Declaration in the case in the District Court in Somerville a description óf the bucket which is now in issue before this Court and in issue in this case?
“3. Did you recover judgment on Declaration in suit in the 'Somerville District Court?
“4. Did execution issue in this case?
“5. Was execution satisfied?”
To each of said questions the witness answered, “Yes.” The defendant then offered all the original papers of a ease brought by the present plaintiff against the J. F. Shep *431 pard & Sons, Inc. of Quincy, in the Somerville District Court, and entered in said Court February 19, 1938. Said papers were admitted in evidence over the objection of the plaintiff. The plaintiff' claimed a report.
The record of the Somerville District Court showed that the plaintiff there brought an action for the conversion of a “clamshell bucket” and other property by a writ returnable in said Court February 19, 1938, and recovered judgment in said action on July 22, 1938.
The plaintiff contends that the evidence was improperly admitted because not accompanied by an offer of proof. No offer of proof is required where the questions are asked in cross-examination. The reason is that a trial attorney can hardly be expected to know in advance the answer to be made by an adversary witness, called by his opponent, with sufficient certainty to enable him to make an offer of proof, although he may be required by the judge to state his hope. Stevens v. William S. Howe Co., 275 Mass. 398, 402.
In order to maintain this action it was necessary for the plaintiff to allege and prove that at the time of the writ, he had a complete property, either general or special, in the article in dispute and the right to its immediate possession. Handy v. C. I. T. Corporation, 291 Mass. 157, 159. Standard Plumbing Supply Co. v. Gulesian, Mass. Adv. Sh. (1937) 611, 613. Donahue v. Leventhal, Mass. Adv. Sh. (1939) 341, 342.
The writ in this action was returnable January 28, 1939. The judgment had been obtained in the Somerville District Court on July 22,1938, and was later satisfied in full. The effect of the satisfaction of said judgment was to confirm title in J. F. Sheppard & Sons, Inc.
Miller v. Hyde, 161 Mass. 472, 474. There it was said:
“It is now commonly held that title is not transferred by the entry of judgment, but remains in the plaintiff *432 until he has received actual satisfaction . . . and the law has been commonly so administered by our courts. We think this doctrine better calculated to do justice, and see no reason why we should not hold it to be law. “Whenever the title passes, . . . the transfer is made by his inferred election to recognize as an absolute ownership the qualified dominion wrongfully assumed by the defendant. The true owner makes no release in terms and no election in terms to relinquish his title; but the election is inferred by the law, to prevent injustice.”
See also Lawyers Mortgage Co. v. Paramount Laundries, 287 Mass. 357, 361.
As we understand the claim of the plaintiff, it is that the cause of action arose upon the refusal by the defendant of his demand malde on April 20, 1937, before either of said actions was commenced; but we are of opinion that his election to proceed with the action against J. F. Sheppard & Sons, Inc. to judgment and satisfaction was an election to recognize the J. F. Sheppard & Sons, Inc. as the absolute owner and as entitled to possession of the bucket in dispute.
We are also of opinion that as the plaintiff was obliged to prove his title or right to immediate possession of the bucket, any evidence which would tend to disprove that title or right was admissible under the pleadings. Amsinck v. American Ins. Co., 129 Mass. 185, 188. Aldrich v. Hodges, 164 Mass. 570, 571.
No prejudicial error appears upon the record before us and the report is dismissed.