Pettingell, J.
Action of tort for the conversion of an automobile. The plaintiff had purchased the automobile on a conditional sale agreement from one Hodgkins, and, after an accident, had had it taken to Hodgkins’ Grarage in a damaged condition. After several weeks, during which *148 time no repairs were made on it, a representative of the insurance company which had insured the other car involved in the accident, went to the garage with an officer of the defendant corporation and others. There was testimony that in the garage Hodgkins took part in a conversation “fixing the price at which the car should be disposed of”. The next day men from the defendant company took the car from the Hodgkins Garage, and towed it to a junk dealer’s where it was sold.
The plaintiff testified that he gave no instruction to have the car sold. Hodgkins testified that he had never authorized the defendant to take the plaintiff’s car from the garage. He testified, also, that he had never repossessed the car under the conditional sale agreement.
There was a finding for the plaintiff.
The first issue is the determination of the grounds of appeal open to the appellant. The defendant contends that certain matters of excluded evidence are properly in issue. It appears that the defendant, to establish the terms of the conditional sale agreement between the plaintiff and Hodgkins, offered a printed blank form of such a bill of sale which was admitted de bene and later excluded. Hodgkins identified parts of the printed blank as being the same as the form signed by the plaintiff.
At a later stage of .the trial, one of the witnesses was asked a question relative to a conversation between Hodgkins and one other. The question was excluded. The report states that “By such question and answer the Defendant expected to show Hodgkins’ apparent authority to deal with said car.”
The plaintiff contends that these matters of evidence are not before the Appellate Division, that the trial judge did not intend to report them, that they are not included in the report, and were not reportable because the defend *149 ant had not complied with the requirements of G. L, (Ter. Ed.) C. 231, Section 108, as amended by St. 1933, C. 255, Section 1. That statute requires one, aggrieved by the admission or exclusion of evidence, to claim a report (not to take an exception), at the time of the ruling, to reduce his claim of a report to writing and to file it with the clerk within five days “After the making of such ruling”.
Thus, there are two things which such an appellant must do. First, he must claim a report at the time of the ruling of the trial judge. This the defendant here did as to the exclusion of the printed form as is evidenced by the statement in the report “To the exclusion of the printed form the Defendant duly saved its rights”. No such statement is made with regard to the other excluded question.
The appellant must, next, reduce his claim of report to writing and file it with the clerk within five days of the ruling on the evidence. The docket entries show that the last hearing was October 10th. Assuming that the questions of evidence both arose that day, the defendant was required, on or before October 16,1939 (October 15th being Sunday), to file with the clerk his claim of report, reduced to writing, on these matters of evidence. The docket entries show that this was not done.
Unless an appellant complies with both requirements, the claim of report at the time of the ruling objected to, and the subsequent reducing to writing and filing within five days, he loses his right to a report as to such matters. The claim of report, to be filed within five days of notice of a finding, is another matter. It embraces all duly saved issues up to that time, but as to matters of evidence it contains only those in which the statute has been fully complied with previously. Krock v. Consolidated Mines & Power Co., 286 Mass. 177, at 179, 180. Mass. Building Finish Co., Inc. v. Brenner, 288 Mass. 481, at 484.
*150 It may be said, however, that if the issues of the excluded evidence are to be regarded as properly included in the report, we are of opinion, that no proof of prejudicial error would be thus established. As to the first item, the exclusion of a blank form, unsigned, to prove the substance of a filled out and completely executed agreement, the original being in existence and being possible of production on ordinary process, was perfectly proper. The report contains nothing to show that notice was given to produce the original; it does show that there was definite evidence as to where it was and in whose custody. Under such circumstances secondary evidence of its contents was not admissible. Peaks v. Cobb, 192 Mass. 196, at 197.
As to the other question of evidence, the issue was the existence of authority in Hodgkins to act as the plaintiff’s agent. The defendant proposed to offer Hodgkins’ statements to a third party to prove his agency. Agency is not capable of proof by testimony of what the alleged agent has said out of court. Dubois v. Powdrell, 271 Mass. 394, at 397. Neither is there any statement of any offer of proof which could have taken the circumstances outside the usual rule.
The only issues properly presented by the report are those which arise from the disposition by the trial judge of the defendant’s requests for ruling. These were nine in number, of which one, the first, was given by the trial judge and another, the fifth, was “allowed as a correct statement of law”. The second, third, fourth and sixth were “Denied as contrary to the facts found by me and contrary to the evidence”. The seventh was “Denied as contrary to the facts found by me.” The eighth and ninth were denied. No specific findings of fact were made.
The second, third, fourth, fifth, sixth, seventh and ninth requests are all based, in varying statements, upon the *151 defendant’s main contention that as the plaintiff had only a title under a conditional sale agreement, which agreement he had breached, and the car had been placed in Hodgkins’ garage when Hodgkins had a right to repossess the car and had actual possession of it, and Hodgkins, by his conduct, having shown a disposition on his part to deal with the automobile as his own, he Hodgkins, must be held to have repossessed it, and to have authorized the taking by the defendant, for which reason the plaintiff has no title on which to base this action.
Against this combination of fact, inference and argument, is the testimony of Hodgkins that he had not repossessed the car and that he did not authorize its taking by the defendant.
The defendant maintains that, despite this testimony of the plaintiff and Hodgkins, the trial judge was compelled, by the inconsistencies presented by other evidence and by the presumption of lawful conduct on the part of the defendant and by other matters pointed out by him, to disregard that evidence. We are not of that opinion. There is no presumption that one who intermeddles with the property of another is acting lawfully; he may think that he is justified in so acting, but, as matter of law, he acts at his peril.
The purchaser of an article under a conditional sales agreement has an interest in the article which he can mortgage, Dame v. Hanson, 212 Mass. 124, at 126, or sell, Rowe Vending Machine Co. v. Morris, 276 Mass. 274, at 280: The purchaser has, also, a right to redeem within a limited time after repossession, Package Confectionery Co. Inc. v. Perkit, 281 Mass. 554, at 556, 557. Until repossession, having the right to immediate possession, as well as a special property in the article, the purchaser can maintain trover. Aldrich v. Hodges, 164 Mass. 570, at 571. New York Central R. R. v. Freedman, 240 Mass. 200, at 208.
*152 Bepossession. is not a matter of constructive possession, merely because the automobile is in the conditional vendor’s garage. It is a physical fact, evidenced by actual possession and definite control of property. There is no such evidence here. There is evidence that Hodgkins talked about a price for the automobile. That is no evidence of possession. His opinion, as an expert, may have been requested. There is evidence that the defendant took the automobile away; Hodgkins and the plaintiff respectively say that the taking was without their authority. The fact that Hodgkins did not interfere with the removal does not compel a finding that the automobile was in his possession or that he authorized the taking.
The defendant’s contention comes down to an argument that the trial judge should not have believed what apparently he did believe. Unless he believed that there was a repossession by Hodgkins and a subsequent removal by the defendant authorized by Hodgkins, the plaintiff was entitled to recover. The denial of the defendant’s requested rulings and the general finding for the plaintiff import that he believed the testimony of Hodgkins that there had been no repossession and that no removal was authorized by him.
Such a general finding imports a finding of all the subsidiary facts necessary to that conclusion. Adams v. Dick, 226 Mass. 46, at 53. Gottman v. Jeffrey Nichols, 268 Mass. 10, at 12, Rich v. Arando, 277 Mass. 310, at 314. Mahoney v. Norcross, 284 Mass. 153. It will be sustained if it can be supported on any reasonable view of the evidence. Moss v. Old Colony Trust Co., 246 Mass. 139, at 143. Winchester v. Missin, 278 Mass. 427, at 428. State Street Trust Co. v. Lawrence, 284 Mass. 355, at 359, 360.
' No prejudicial error appearing, the report is to be dismissed.