NIX *vs.* BELL.

A contract for transporting the mails cannot be transferred or assigned in whole or in part without the consent of the postmaster-general of the United States, and therefore such transfer or assignment being illegal, is not a valid consideration to support a promise to pay for a half interest in such contract.

Contracts. United States mails. Before Judge ERWIN. White Superior Court. November Term, 1880.

Nix brought suit against Bell, alleging in brief as follows :

On the 1st day of July, 1876, Bell being the accepted contractor of the post office department for carrying the mails of the United States from Cleveland, in White county, to Gainesville, in Hall county, it was contracted and agreed between the parties that if Nix would furnish one horse and do the driving, and pay half the expenses at Gainesville, and half the tolls for crossing the Chattahoochee river, that Bell would furnish one horse and the vehicle, and pay the other half of the expenses, etc., and then the "parties are to divide equally and to receive equally all the moneys received from the United States government, and all moneys received from passengers and on freight or baggage," etc. The amount received from the United States, and also the amount received from passengers, etc., was set forth, but is not material to the point made. It was also alleged that the plaintiff discharged his part of the contract, and did the service till October 28th, 1877, when he was ousted by the defendant. That defendant received all the moneys from the United States and from passengers, etc., and refused to pay the plaintiff any portion thereof. It was alleged that this contract was made in parol, but was afterwards reduced to writing. Defendant demurred to the declaration, the demurrer was sustained, and plaintiff excepted.

Gaskill *et al. vs.* Davis.

C. H. Sutton; W. K. Williams, for plaintiff in error.

M. G. Boyd; A. F. Underwood; J. J. Kimsey, for defendant.

Jackson, Chief Justice.

We cannot see that the court below erred in the point decided. The contract, which is sought to be enforced, appears to be illegal under the laws of the United States and the post office regulations made under those laws.

See Revised Stat. U. S., 3737, 3709, 3963; Post-office Reg., 1877, p. 146; Adver. for contr., P. M. Gen'l., of 1876, p. 51.

The contract on which the suit depends being illegal, no court will enforce it.

Judgment affirmed.