## KIEVE *v.* FORD.

1. Since, under the constitution, the writ of certiorari can issue only upon the sanction of a judge of the superior court, such a writ issued upon the sanction of a city court judge, and all proceedings thereon, are void.
2. So much of the act of December 16, 1897 (Acts of 1897, p. 408 et seq.), establishing the city court of Albany, as undertakes to confer upon the

judge thereof authority to sanction petitions for certiorari, or to enter-
tain jurisdiction in certiorari cases, is unconstitutional.

Argued May 21, — Decided June 5, 1900.

Certiorari.   Before  Judge Wooten.   City  court of Albany.
August term, 1899.

*Wallace W. Bacon Jr.*, for plaintiff.
*Walters & Wallace*, for defendant.

LEWIS, J.   It appears that this suit originated in a justice's
court in Dougherty county.   The same was a suit upon a forth-
coming bond in that court, and the party against whom the
magistrate decided excepted to his judgment, and sought to re-
view and reverse it by petition for certiorari to the judge of the
city court of Albany, for Dougherty county.  . Under the con-
stitution of this State, embodied in Civil Code, § 5846, in treat-
ing of the jurisdiction of the superior courts, it is declared:
"They shall have power to correct errors in inferior judicato-
ries, by writ of certiorari, which shall only issue on the sanction
of the judge."   The judge therein referred to evidently means
the judge of the superior court.   The constitution, therefore,
expressly declares that a writ of certiorari can not issue except
on the sanction of a judge of the superior court.   The action
of the judge of the city court in this case in sanctioning the writ
of certiorari is clearly contrary to the express provision of the
constitution which we have above cited.   If the sanctioning of
the writ was void, the subsequent proceedings had upon the
petition for certiorari and the answer of the magistrate thereto,
in which the judge sustained the petition for certiorari, are
absolutely void.   This proceeding was doubtless based upon
the provision in the act approved December 16, 1897 (Acts
1897, p. 409, § 2), establishing the city court of Albany.   Un-
der that act it is declared: "That the city court shall have con-
current jurisdiction with the superior court of all appeals and
certioraris from all inferior courts in said county, except the
court of ordinary, said appeals and certioraris to be had under
the same rules governing such remedies in the superior court.
The city judge is hereby given authority to sanction petitions
for certiorari returnable to said city court."   Under the view
above expressed as to the provision of the constitution upon the

subject of certiorari, we think this provision in the act establishing the city court of Albany is clearly unconstitutional. The city court of Albany, therefore, instead of hearing and entertaining jurisdiction of this petition for certiorari, should have dismissed the same for want of jurisdiction. We feel, therefore, constrained to reverse the judgment of the court below, because the court erred in entertaining any jurisdiction of the case. He should have granted an order dismissing the petition for certiorari for want of jurisdiction, and direction is accordingly given.

*Judgment reversed with direction. All the Justices concurring, except Fish, J., absent.*