### TRAVELERS PROTECTIVE ASSOCIATION *v.* SMALL.

115　455
Case 2
118　148
118　537
s118　902

1. When in the trial of an action upon a policy of accident-insurance, which contained a provision that the insurer would not be liable for injuries received as a result of "voluntary or unnecessary exposure to danger, or to obvious risk of injury," it appeared that the plaintiff was injured while attempting to board a moving train of cars propelled by steam, his right to recover depended upon whether, under all the circumstances at the time the attempt was made, an ordinarily prudent person would have made the attempt. If the attempt would not have been made by an ordinarily prudent person, and if there was no emergency at the time which required the plaintiff to board the train, except the inconvenience of delay or possible injury to business resulting therefrom, the attempt would be a voluntary and unnecessary exposure to danger and an obvious risk of injury, within the meaning of the clause of the policy above quoted.
2. Some of the instructions given in the trial of the present case were not in entire accord with what is above laid down, and a new trial should have been granted.

Submitted March 1, — Decided April 30, 1902.

Action on insurance policy.   Before Judge Nottingham.   City court of Macon.   April 20, 1901.

*Roland Ellis* and *Washington Dessau*, for plaintiff in error.
*Hardeman, Davis, Turner & Jones,* contra.

COBB, J.   Small sued the Travelers Protective Association of America upon a policy of accident-insurance which it had issued to him, and obtained a verdict for the amount sued for.   The case is here upon a bill of exceptions sued out by the defendant, complaining that the court refused to grant it a new trial.   It appeared at the trial that the plaintiff sustained the injuries which were the foundation of his claim against the defendant, while attempting to board a moving train of cars which were propelled by steam.   Under the rules of the association, which became a part of the contract between the plaintiff and the defendant, it was provided that the defendant should not be liable for injuries incurred by a member as the result of a "voluntary or unnecessary exposure to danger, or to obvious risk of injury."   The plaintiff's right to recover in the present case, therefore, depended upon whether in attempting to board the moving train he voluntarily and unnecessarily exposed himself to danger or to obvious risk of injury.   Whether one who attempts to board a moving train is engaged in an act which is dangerous in its nature, or is an obvious risk of injury, depends upon the circumstances under which the act is attempted to be performed, the place at which the train is, the speed at which it is moving, the position of the party, his age and activity, and all other circumstances which would be considered in determining whether an ordinarily prudent person would, under such circumstances, attempt at such a time and in such a place to board a train moving at such rate of speed.   It is not necessarily what would be done by a particular individual under the circumstances stated, but what would be done ordinarily by a man in the exercise of due care and caution.   If a man of ordinary prudence would have attempted, under the circumstances, to board the train, then the attempt would not be negligence.   If, on the other hand, a man of ordinary prudence would not have made the attempt, it would be negligence, and a person engaged in such an act would be exposing himself to danger or to obvious risk of injury, within the meaning of such terms when used in a policy of accident-insurance.   See, in this connection,

*Suber* v. *Railway Co.*, 96 *Ga.* 42; *Killian* v. *Railroad Co.*, 97 *Ga.* 732; *Coursey* v. *Railway Co.*, 113 *Ga.* 297. If the plaintiff in the present case attempted to board the train under such circumstances that an ordinarily prudent person would not have made the attempt, and was injured in making such attempt, his injuries were the result of an exposure to danger and to an obvious risk of injury, within the meaning of the policy sued on; and if at the time he made this attempt there was no pressing emergency upon him requiring him to make this attempt, either in behalf of his own safety or welfare which was imperiled at the moment, or in behalf of the safety or welfare of some one else who was likewise imperiled at the moment, but merely for the purpose of avoiding the delay incident to missing a given train, and the attempt was made by the plaintiff freely and voluntarily, then the attempt to board the train would be a voluntary and unnecessary exposure to danger or to obvious risk of injury, within the meaning of the policy sued on, and the plaintiff would not be entitled to recover. Such we believe to be the controlling principles applicable in the present case. Some of the rulings of the judge were not in entire accord with these principles, and a new trial should have been granted. Let the case be tried again in the light of what is above laid down.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*