## Maxwell v. Family Protective Union.

SIMMONS, C. J.   1. Where a by-law of a mutual life-insurance company stipu-
lates that no death benefit may be paid except "to the widow, children, . .
uncle, niece, nephew, first cousin, next of kin who would be distributee of
the member's personal estate if he died intestate, . . or to persons dependent
upon the member," the phrase "next of kin" does not limit the classes be-
fore enumerated, but adds to them another class.   There is nothing in such a
by-law to prevent recovery of a death benefit by the beneficiary named in the
certificate, who is uncle of the deceased member, but who is not nearest of kin,
or distributee.

2. A stipulation in the by-laws that "No suit shall be instituted against this or-
der without first referring the matter to the grievance committee ; and if its
action be objected by either party, an appeal can be taken to the supreme
council.   Until this action is resorted to, no member shall be entitled to pro-
ceed at common law against the order ; and it shall be deemed a sufficient
answer on the part of this order, that the member has failed to comply with
these laws, to dismiss his action and to compel him or her to proceed as herein
provided," applies to members only, and not to the beneficiary of a deceased
member.

3. Under the allegations of the petition as amended, a cause of action was set
forth, and it was error to sustain a demurrer.

　　Judgment reversed.   All the Justices concurring, except Lewis, J., absent.

Submitted March 1, — Decided April 30, 1902.

　　Action on insurance certificate.   Before Judge Cobb.   City court
of Athens.   April 30, 1901.

　　H. J. Brewer and P. P. Proffitt, for plaintiff.
　　Strickland & Green, for defendant.

---

AMBROSE v. SEABOARD AND ROANOKE RAILROAD COMPANY et al.

LITTLE, J.   The admissions of the defendants and the evidence for the plaintiff
were sufficient to authorize a jury to find that plaintiff was entitled to recover
from the defendants named in the petition.   It was, therefore, error to award
a judgment of nonsuit.

　　Judgment reversed.   All the Justices concurring, except Lewis, J., absent.

Submitted March 1, — Decided April 30, 1902.

　　Action for damages.   Before Judge Russell.   Gwinnett superior
court.   March 7, 1901.

　　J. A. Perry and N. L. Hutchins, for plaintiff.
　　Erwin & Brown and N. L. Hutchins Jr., for defendants.