## MOON *et al.* *v.* POTTER.

1. A contractor with the government of the United States to transport the mail within the same may contract with or hire another to transport the mail according to the terms of his contract, and such an agreement is not in contravention of the Revised Statutes of the United States, § 3963, which prohibits the assignment or transfer of mail contracts.
2. It follows from the foregoing that where one who had undertaken to transport the mail for a mail contractor, and had given a bond with security for the faithful performance of the service to be rendered, failed to render the service in accordance with his contract, he and his securities were liable to the contractor upon the bond.

Submitted May 1, — Decided June 7, 1902.

Action on bond. Before Judge Crisp. City court of Americus. January 15, 1902.

*J. R. Williams* and *Shipp & Sheppard,* for plaintiffs in error.

*J. H. Lumpkin,* contra.

COBB, J.    Potter brought suit upon a bond against Moon as principal and three others as sureties.    At the trial it appeared that Potter had made a contract with the United States government to transport the mails between the post-office and the railroad-depots in the city of Americus, and that he had entered into a contract with Moon by which he was to perform the service required under the contract with the United States government.    For this service Moon was to be paid a specified amount.    In order to secure the faithful performance of the contract on the part of Moon the bond sued on was executed.    In this bond Moon and the other defendants bind themselves jointly and severally to pay a specified sum of money as liquidated damages in the event Moon fails to carry out his contract with Potter.    The defendant Moon is designated in the bond as a subcontractor under Potter as contractor with the United States.    The bond binds Moon to transport the mail in accordance with the laws and regulations of the post-office department and the requirements of Potter's contract with the government.    It is provided that all fines and deductions imposed upon Potter by the postmaster-general for failures and delinquencies shall be borne by Moon; and that in case of a total discontinuance of the service a pro rata of one month's extra pay allowed by the United States to Potter shall be allowed to Moon.    The contract contains other stipulations not necessary to be set out.    There was evidence at the trial that Moon had from time to time failed to comply with the terms of the contract between himself and Potter and finally had abandoned the contract altogether.    The court directed a verdict for the plaintiff for the amount stipulated in the bond.    The defendants made a motion for a new trial, as well as a motion in arrest of judgment, both of which being overruled, they excepted.

Counsel insist that the verdict in the present case was unauthorized, for the reason that there was no allegation in the petition that the postmaster-general had consented to the contract entered into between Potter and Moon, and that there was no sufficient evidence at the trial of such consent; and this being so, the contract was, under the laws of the United States, illegal and void.    The case of *Nix* v. *Bell,* 66 *Ga.* 664, is relied on.    It is there held that

a contract for transporting the mail can not be transferred or assigned, in whole or in part, without the consent of the postmaster-general, and that such a transfer or assignment, being illegal, would not constitute a valid consideration for a promise to pay for a one-half interest in such a contract. The Revised Statutes of the United States provide that "No contractor for transporting the mail within or between the United States and any foreign country shall assign or transfer his contract, and all such assignments or transfers shall be null and void." § 3963. In *Nix* v. *Bell* this court held the contract then under consideration to be either an assignment or a transfer of a mail contract; and of course, when this conclusion was reached, it inevitably followed that the contract was void under the laws of the United States. The question in the present case is whether the contract between Potter and Moon was an assignment or transfer of Potter's contract with the government to transport the mail. It is true that the bond characterizes Moon as a subcontractor; but when all the recitals of the bond, as well as the nature and condition of the stipulations therein, are considered, there is nothing in the bond to indicate that there was an intention on the part of either of the parties to provide for a transfer or assignment to Moon of the contract which Potter had with the United States. There is nothing in the evidence to show such an intention. The bond and all of the evidence taken together show that what was intended was that Moon should undertake to perform, in behalf of Potter, the contractor, those services which Potter had contracted to perform for the government. There is nothing in the record to indicate that the contract between the government and Potter required that these services should be personally performed by the contractor, and there is nothing in the statutes of the United States which requires personal service. Potter remained bound on his contract with the government, and there was no attempt to create any contractual relation between the government and Moon, or to transfer to him Potter's liability on his contract with the government. Moon was simply Potter's agent to perform a service which he had contracted should be properly and faithfully performed. Potter had a right to make a contract of this character with Moon, and he had a right to undertake to perform the service in question. In Frye *v.* Burdick, 67 Me. 408, it was held that a contractor with the United States to trans-

port the mail within the same may contract with or hire another to transport the mail according to the terms of his contract, and that such an agreement is not in contravention of Revised Statutes of the United States, § 3963, which prohibits the assignment of mail contracts.    See also Oregon Steamship Co. *v.* Otis, 100 N. Y. 446. The contract between Potter and Moon being lawful, if Moon failed to perform his contract he was liable in damages to Potter, and having entered into a bond with security for the faithful performance of the services required by his contract, and the evidence showing that he failed to perform the services, he and his sureties became liable on the bond.    This being true, the plaintiff was entitled to recover in the present case.  While the record raises some question as to the proper measure of damages, no such question was argued in the brief of counsel for the plaintiff in error.    It will therefore be treated as having been abandoned.    The case is really controlled upon its merits by the point above decided, and under the view we have taken of the matter there was no error in rejecting the evidence tending to show that the postmaster-general had consented to the assignment of the contract by Potter to Moon upon conditions which had not been performed.  While there were other questions made in the record, no others were insisted on in this court except those above referred to.

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*