## OWEN v. PALMOUR.

115  683
116  881
115  683
122  387

1. While a trial judge may, within the restrictions prescribed by the Civil Code, § 5331, direct a verdict, this court will in no case overrule as erroneous a refusal to do so.

2. Grounds of a motion for a new trial complaining of rulings on evidence can not be considered unless the evidence is set forth either literally or in substance, or attached to the motion as an exhibit.

3. The charge excepted to was not erroneous for the reasons assigned ; the evidence, though conflicting, authorized the verdict, and the court did not err in refusing to grant a new trial.

Submitted May 1, — Decided June 9, 1902.

Complaint. Before Judge Prior. City court of Hall county. August 23, 1901.

*Hubert Estes*, for plaintiff. *H. H. Dean*, for defendant.

Cobb, J. In one ground of the motion for a new trial complaint is made that the court erred in refusing to direct a verdict for the plaintiff. It has been held that this court will in no case overrule as erroneous a refusal to direct a verdict. *Western & Atlantic Railroad Company* v. *Callaway*, 111 *Ga.* 889 (2). In the present case it appeared that after the plaintiff's evidence had been concluded the defendant offered in evidence a record which was excluded, and then announced that he had no further testimony to offer. At this point the motion to direct a verdict was made. The record further shows, however, that after the motion to direct the verdict was overruled, the defendant was permitted by the court to introduce other evidence, notwithstanding the announcement that the defendant had no further evidence to offer. No complaint is made that the court abused its discretion in allowing the case to be opened for the introduction of new evidence, though the evidence thus offered and admitted was objected to for reasons which did not justify its rejection. There was no error in overruling the ground of the motion for a new trial above referred to.

The rulings announced in the headnotes dispose of all the points presented by the present record. This is the third appearance of this controversy in this court. See *Owen* v. *Palmour*, 99 *Ga.* 92, 111 *Ga.* 885. The case has been tried five times in the court below. There have been three verdicts for the plaintiff and two for the defendant. The present record discloses no sufficient reason

for reversing the judgment of the trial judge in refusing to grant a new trial, and this long standing controversy is now ended by the judgment which we enter in this case.

*Judgment affirmed.* *All the Justices concurring, except Lewis, J., absent.*