COMMERCIAL BANK OF JACKSONVILLE v. FLOWERS.

In order to constitute a valid pledge of property to secure a debt, there must be a delivery, either actual or constructive, of the property to the intended pledgee. Consequently, the delivery, as collateral security to a promissory note, of a paper purporting to be a wharfinger's receipt for property therein described conveys to the intended pledgee no interest whatever in such property, when the same is not in the possession of the wharfinger or the party who undertakes to pledge it.

Argued June 28,—Decided August 8, 1902.

Levy and claim. Before Judge Sparks. City court of Brunswick. December 18, 1901.

Citations from the briefs: Civil Code, §§ 2930, 2931; 57 *Ga.* 204; 78/574; 99/259; 101/329; 103/181; 84/747; 96/81; 138 U. S. 122; 3 Pom. Eq. Jur. §§ 1236, 1288; 28 Am. & Eng. Enc. L. 672, 680, 683, 684.

*R. H. Liggett, A. L. Franklin,* and *D. W. Krauss,* for plaintiff in error. *W. E. Kay,* contra.

FISH, J. In the view which we take of this case, it is controlled by the principle laid down in the above headnote, and it is therefore unnecessary to consider any of the questions made except the one therein indicated, which can be reached and determined without passing upon any of the others. Certain described lumber, while in the possession of Hopkins & Co., wharfingers, and lying upon their dock in the city of Brunswick, was levied upon under an attachment for purchase-money in favor of Flowers and against DesRochers & Phinney Co., and was claimed by the Commercial Bank of Jacksonville, Florida. Upon the trial of the claim case, the claimant relied for title upon a wharfinger's receipt issued by Hopkins & Co. to DesRochers & Phinney Co., and by the latter attached to and pledged as collateral for a note for $1,000, given by such company to the National Bank of Brunswick, Ga., which bank regularly transferred the note and the accompanying collateral, for value, to the claimant. It clearly appears from the evidence that at the time that this receipt was issued and at the time that it was transferred to the Brunswick bank neither Hopkins & Co. nor DesRochers & Phinney Co. had possession of the lumber in controversy, and that the latter did not then even have any title

thereto. This particular lumber then belonged to and was in the possession of Flowers, the plaintiff, at his sawmill in Sumner, Worth county, Ga. He had contracted to sell to DesRochers & Phinney Co. a certain amount of lumber of this description, and, several days subsequently to the issuing of the wharfinger's receipt to that company by Hopkins & Co. and to its transfer to the Brunswick bank, he did ship the lumber by rail to DesRochers & Phinney Co., at Brunswick, where it was received for that company by Hopkins & Co., the wharfingers, and deposited upon their dock. The sale by Flowers to DesRochers & Phinney Co. was a cash transaction, and he accordingly drew a draft on them for the purchase-money, which not being paid, he sued out an attachment for the purchase-money and had the lumber levied on thereunder. The transaction between DesRochers & Phinney Co. and the Brunswick bank, relative to this lumber, was an effort on the part of the former to pledge or pawn the lumber to the latter to secure a debt. We say it was an effort to do so, because we shall now endeavor to demonstrate that the lumber was not pledged, and that, therefore, the intended pledgee acquired no interest in it. "A pledge, or pawn, is property deposited with another as security for the payment of a debt. Delivery of the property is essential to this bailment, but . . warehouse receipts, elevator receipts, bills of lading, or other commercial paper symbolic of the property, may be delivered in pledge." Civil Code, § 2956. As above indicated, the very essence of a pledge, or pawn, is deposit. The property must be deposited, either actually or constructively, with the pledgee. Where there is no delivery, either actual or constructive, there is no pledge. *First National Bank* v. *Nelson*, 38 *Ga.* 391. See also *National Exchange Bank* v. *Graniteville Mfg. Co.*, 79 *Ga.* 25.

At the time of the transaction between DesRochers & Phinney Co. and the Brunswick bank, whereby the former undertook to pledge this lumber to the latter, DesRochers & Phinney Co. could not pledge this particular property, for the simple and sufficient reason that such company did not then have possession of it, and, hence, could not deliver possession to another. It was then the property of Flowers and was in his possession, at his sawmill in Worth county. A warehouseman's or a wharfinger's receipt for particular property may be used, in commercial transactions, as the representative of and a substitute for property which has been de-

posited with him, and the delivery of the property described in such receipt may be effected by the delivery of the receipt; but the delivery of a so-called receipt issued by a warehouseman or wharfinger, which represents nothing in his possession, is not a symbolic delivery of anything. Before there can be a substitute there must be an original. Here the receipt issued by Hopkins & Co. to DesRochers & Phinney Co. could not represent the lumber in controversy, for this lumber was not then in the possession of these wharfingers, nor, as we have seen, was it then even in possession of DesRochers & Phinney Co.; nor was this lumber in the possession of either of these parties at the time that this receipt was transferred by DesRochers & Phinney Co. to the Brunswick bank. There can be no symbolical delivery of property which is not, either actually or constructively, in the possession of the party undertaking to deliver it. It is very clear that, so far as this lumber is concerned, the Brunswick bank took a paper which represented and was symbolic of nothing. Therefore no property was constructively delivered to this bank as a pledge when this so-called receipt was delivered. The lumber in controversy not having been pledged to the Brunswick bank as collateral security to the note which it took from DesRochers & Phinney Co., that bank acquired no lien on or interest in it, and was, therefore, powerless to transfer any to the Jacksonville bank to which it transferred the note and the receipt. It follows that the claimant had no title to or interest in the property levied upon; and the judgment of the court below must be

*Affirmed. All the Justices concurring, except Lewis, J., absent.*