SIKES *v.* NORMAN *et al.*

CANDLER, J.    1. While a trial judge may, within the narrow limits prescribed
by the Civil Code, § 5331, direct a verdict, his refusal to do so will in no
case be held error.   Owen v. *Palmour*, 115 *Ga.* 683.

2. The bill of exceptions specified the motion for a new trial as part of the record
to be sent to this court.    The record transmitted did not contain such
a motion ; and upon this fact becoming known to the court, the clerk of
the superior court of Tattnall county was, under the provisions of the Civil
Code, § 5575, ordered to transmit a certified copy of such motion.    In re-
sponse to this order, the clerk of the superior court certified that no such·
paper was to be found in his office, and that to the best of his knowledge
and belief it was not in the office at the time he assumed the duties thereof
on January 1, 1905.    In the absence of the motion for a new trial, we are
unable to pass upon any question made by the bill of exceptions other than
as set forth in the first headnote, and must therefore affirm the judgment of
the court below.                *Judgment affirmed.    All the Justices concur.*

Submitted February 11, — Decided March 7, 1905.

Levy and claim.    Before Judge Daley.    Tattnall superior
court.    May 14, 1904.

*W. T. Burkhalter,* for plaintiff in error.