CONE *v.* AMERICAN SURETY CO.; *et vice versa.*

SAMPSON *v.* SMITH, executor.

COFFEE *v.* SOUTH GEORGIA FARMERS FIRE
INSURANCE ASSOCIATION.

COOPER AUTO SUPPLY CO. *v.* OXWELD ACETYLENE CO.

SAMPSON *v.* McRAE

SEYMOUR *v.* BANK OF THOMASVILLE.

PILCHER *v.* THOMPSON.

The city court of Thomasville is a constitutional city court from which
writs of error will lie to the Court of Appeals of Georgia in cases which
were tried therein prior to the act of July 24, 1922 (Ga. Laws, 1922,
p. 300), which gives to the State the right to trial by a jury of 12 in
all misdemeanor cases, and in cases tried in said court since the passage
of that act.

Nos. 3433, 3434.   JANUARY 24, 1923.

Question certified by Court of Appeals (Cases Nos. 13323,
13324, 13348, 13349, 13352, 13615, 13634, 13682).

*P. C. Andrews, E. E. Cox, C. E. Hay, D. Roy Hay, L. S. Moore,
J. E. Craigmiles,* and *J. J. Hill,* for plaintiffs in error.

*B. B. Earle, Pottle & Hofmayer, Titus & Dekle, H. H. Merry,
J. U. Merritt,* and *W. I. MacIntyre,* contra.

*R. L. Maynard, W. P. Wallis, Franklin & Langdale, S. F.
Memory, Bennet, Twitty & Reese,* and *Willingham, Wright &
Covington,* for parties at interest in other pending cases.

HINES, J. In the above cases the Court of Appeals desires
instructions from this court upon the question whether writs of
error will lie from the city court of Thomasville to that court,
because of the fact that neither in the act establishing the city
court of Thomasville nor in any act amendatory thereof is it pro-
vided that in criminal cases the State can demand the trial of
the defendants by a jury, or because of the fact that none of said
acts provide for trial of defendants in criminal cases except on
demand of the defendants, or because of the fact that said acts
deny to the State the right in criminal cases to demand jury trials,
or because of the fact that said acts provide that there shall be no
jury trials in criminal cases unless demands are made therefor
by the defendants, said acts in effect providing for a jury of 12 in

all civil cases upon the demand of either party, and in all criminal cases upon the demand of the defendants, and said court in all other respects coming up to the requirements of a constitutional city court.

After having recalled, on our own motion, previous decisions and after further consideration of this question, we have reached the conclusion that our former answer to the Court of Appeals, thereto was erroneous.

The act creating the city court of Cartersville (Ga. Laws, 1884-5, p. 487) contained this provision: " That the trial of all issues of fact in said court shall be by the court without a jury, except when either party in a civil case, or the defendant in a criminal case, shall in writing demand a trial by jury." Under this act the State was not given the right to demand a jury in the trial of criminal cases, and all such cases were tried by the court without a jury, unless the defendant demanded a jury. This court held that a writ of error would lie to this court from the city court of Cartersville. *W. & A. R. Co.* v. *Voils,* 98 *Ga.* 446 (26 S. E. 483, 35 L. R. A. 655). The act creating the city court of Macon (Ga. Laws, 1884-5, p. 470) provided for the trial of all civil cases by a jury of 12, and for the trial of all criminal cases by a like number of jurors, unless the defendant waived trial by jury, in which event the judge of that court tried the case without a jury. It will be seen that the State was not entitled to demand a jury trial when it was waived by the defendant. This court held that the city court of Macon was a like court to the city court of Atlanta, and that writs of error would lie from the former court to this court. *Ivey* v. *State,* 112 *Ga.* 175 (37 S. E. 398) ; *Ward* v. *State,* 112 *Ga.* 192 (37 S. E. 400) ; *Driver* v. *State,* 112 *Ga.* 229 (37 S. E. 400).

In the case of *Welborne* v. *State,* 114 *Ga.* 793 (40 S. E. 857), this court, on its own motion, called in question its jurisdiction to entertain writs of error from the city courts of Atlanta, first and second divisions, Richmond County, Savannah, Macon, Athens, the criminal court of Atlanta, the city courts of Moultrie, Bainbridge, Jefferson, Hall County, Floyd County, LaGrange, Americus, Waycross, Douglas, Baxley, and Brunswick. See page 796 of the opinion in that case for the cases in which the question of the jurisdiction of this court to hear writs of error from the city courts named was raised. The city court of Richmond County

was established by the act of Sept. 22, 1881 (Ga. Laws, 1880-1, p. 574). This act was amended by the act of Oct. 24, 1887 (Ga. Laws, 1887, p. 713). The city court of Macon was created by the act of Aug. 14, 1885 (Ga. Laws, 1884-5, p. 70), which was amended by the act of Dec. 11, 1900 (Ga. Laws, 1900, p. 144). It was probably on account of this amendment that this court, although it had previously passed upon the question as above shown, again considered the question of its jurisdiction to pass upon writs of error from this city court. The city court of Athens, under the name of the city court of Clarke County, was established by the act of Sept. 9, 1879 (Ga. Laws, 1878-9, p. 291). By the act of Dec. 18, 1894 (Ga. Laws, 1894, p. 212), the name of this court was changed from that of the city court of Clarke County to that of the city court of Athens. The city court of Moultrie was established by the act of Nov. 13, 1901 (Ga. Laws, 1901, p. 136). The city court of Bainbridge was created by the act of Nov. 27, 1900 (Ga. Laws, 1900, p. 104). The city court of LaGrange was brought into existence by the act of Dec. 19, 1899 (Ga. Laws, 1899, p. 385). The city court of Jefferson was created by the act of Nov. 30, 1897 (Ga. Laws, 1897, p. 485). The city court of Hall County was established by the act of Aug. 14, 1891 (Ga. Laws, 1890-1, vol. II, p. 939). The city court of Floyd County was brought into existence by the act of Sept. 27, 1883 (Ga. Laws, 1882-3, p. 535). The city court of Americus was established by the act of Nov. 22, 1900 (Ga. Laws, 1900, p. 93). Under this act this court was held not to be a constitutional city court, because it did not provide for the trial of civil and criminal cases by a jury of 12. *Monford* v. *State,* 114 *Ga.* 528 (40 S. E. 798). This was remedied by the act of Nov. 4, 1901 (Ga. Laws, 1901, p. 92). By reason of this amendment, this court again, in *Welborne* v. *State,* supra, passed upon its jurisdiction to hear writs of error from that court.. The city court of Waycross was established by the act of Dec. 11, 1897 (Ga. Laws, 1897, p. 510). The city court of Douglas was created by the act of Dec. 9, 1897 (Ga. Laws, 1897, p. 448). The city court of Baxley was established by the act of Dec. 1, 1897 (Ga. Laws, 1897, p. 420). The city court of Brunswick was created by the act of Dec. 9, 1895 (Ga. Laws, 1895, p. 374), which was amended, as to jury trials, by the act of Dec. 19, 1899 (Ga. Laws, 1899, p. 348).

It will appear from an inspection of the above acts establishing the city courts above referred to, with the possible exception of one in which the accused and the State were both entitled to jury trial, that provision was made for the trial of all civil cases in each of said courts by a jury of 12, upon demand of either party; and for the trial of all criminal cases by a jury of the same number, upon demands for jury trial by defendants alone in criminal cases. In none of these acts was provision made for jury trials on demand by the State. With these provisions for jury trials, in the acts creating them, this court, in *Welborne* v. *State,* supra, held each of the above courts (except the city court of Jefferson, on the ground that Jefferson was not a city: *Lampkin* v. *Pike,* 115 *Ga.* 827) to be a constitutional city court, and that writs of error would lie direct from them to this court. *Brucker* v. *O'Connor,* 115 *Ga.* 95 (41 S. E. 245); *Travelers Protective Assn.* v. *Small,* 115 *Ga.* 455 (41 S. E. 628); *Maxwell* v. *Family Protective Union,* 115 *Ga.* 475 (41 S. E. 552); *McGehee* v. *State,* 114 *Ga.* 833 (40 S. E. 1004); *Gay* v. *State,* 115 *Ga.* 204 (41 S. E. 685); *Owen* v. *Palmour,* 115 *Ga.* 683 (42 S. E. 53); *Eastlick* v. *So. Ry. Co.,* 116 *Ga.* 48 (42 S. E. 499); *Smith* v. *Zachry,* 115 *Ga.* 722 (42 S. E. 102); *Moon* v. *Potter,* 115 *Ga.* 673 (42 S. E. 43); *Jones* v. *Spence,* 115 *Ga.* 794 (42 S. E. 94); *So. Ry. Co.* v. *Overstreet,* 115 *Ga.* 795 (42 S. E. 95); *Com. Bk. of Jacksonville* v. *Flowers,* 116 *Ga.* 219 (42 S. E. 474). These were the cases in which this court raised the question of its jurisdiction over writs of error from the named city courts, and, after having fully considered the question, retained the bills of exceptions and passed upon these causes, thus holding necessarily that said courts were constitutional city courts.

In the act creating the city court of Thomasville (Ga. Laws, 1905, p. 386), as amended by the act of 1907 (Ga. Laws, 1907, p. 239), provision is made for the trial by jury of all civil cases upon the demand of either party, and of criminal cases upon the demand of defendants, without any provision for trial of criminal cases by jury upon demand of the State. Under the decision in *Welborne* v. *State,* supra, construed in the light of the facts of that case, the city court of Thomasville is a constitutional city court from which writs of error lie direct to the Court of Appeals, notwithstanding the fact that there is no provision in said acts by which in criminal cases the State can demand the trial of defendants by

a jury, notwithstanding the fact that none of said acts provide for trial by jury of defendants in criminal cases except upon demand of the defendants, and notwithstanding the fact that said acts deny to the State the right in criminal cases to demand jury trials, and notwithstanding the fact that said acts provide that there shall be no jury trials in criminal cases unless demands are made therefor by the defendants.

In the first headnote in *Welborne* v. *State*, it is asserted that to constitute a constitutional city court there must be a provision for " a jury of 12 to try all cases, both civil and criminal, if a trial by jury is demanded." This language is broad enough to cover a demand for trial by jury on the part of the State; but, when construed in connection with the acts which the court was considering, it must be confined to demands by parties in civil cases or by defendants in criminal cases.

In *Ash* v. *Peoples Bank of Oliver*, 149 *Ga.* 713 (101 S. E. 912), this court was considering the act creating the city court of Springfield. That act (Ga. Laws, 1908, p. 211) contains this provision: " Twelve jurors shall constitute a panel in said court; and in all cases in which a demand for a trial by jury has been made as herein mentioned, the selection shall be made as follows: In both civil and criminal cases, if the defendant elects, the entire twelve shall compose the jury; but if the defendant elects for the jury to be composed of but six jurors, then in civil cases the plaintiff and defendant shall have three strikes each, and in criminal cases the defendant shall have four strikes and the State to have two strikes, and the remaining six jurors shall compose the jury." It will thus appear that plaintiffs in civil cases are not given, under the act creating this court, the right of trial by 12 jurors, except when the defendants elect to try with the panel of 12 jurors; but are only given the right to trial by six jurors where the defendants do not so elect. This court held that the city court of Springfield was not a constitutional city court, for this reason. In delivering the opinion in that case, Presiding Justice Beck quoted with approval this language of Justice Cobb in *Welborne* v. *State*: " If an act creates a court which provides for a jury of twelve in all cases, or for such a jury upon demand in every case, and the court is located in a city which is the county-site, and has jurisdiction, territorial and otherwise, of the character above indicated, such a

court is undoubtedly a constitutional city court." The language, "or for such a jury upon demand in every case," as originally used and as applied in the construction of the act establishing the city court of Springfield, is broad enough to embrace the right of the State to demand a jury in criminal cases. If it is left to the defendant alone in a criminal case to demand a jury, and this right is denied to the State, it would seem that trial by "jury upon demand in every case" is not provided for. The trial by jury in criminal cases would be left to the defendant alone. But this language must be construed in the light of the facts of the cases in which it was used. In *Kennedy* v. *Kicklighter,* 150 *Ga.* 276 (103 S. E. 153), this court was dealing with the act of Aug. 16, 1915 (Ga. Laws, 1915, p. 117), amending the act creating the city court of Reidsville. That act provided for juries of 6 only in civil and criminal cases; and this court properly held that the Reidsville court was not a constitutional city court. It may not be amiss to remark that this trouble with the city court of Reidsville has been removed by the act of Aug. 15, 1921 (Ga. Laws, 1921, p. 383), which provides for a jury of 12 to try all civil and criminal cases, "except that in any criminal case any defendant may waive trial by jury."

Now, then, what are the essentials of a constitutional city court? They are these: 1. The court must be located, by the terms of the act establishing it, at a county-site which has been expressly declared to be a city by the act creating it. 2. It must have jurisdiction to try criminal cases below the grade of felony, and civil jurisdiction over a portion or all of those classes of cases jurisdiction over which is not by the constitution vested exclusively in some other court, with the territorial jurisdiction described in *Welborne* v. *State,* supra. 3. The act creating the court must provide for trial by a jury of 12, when demanded by either party in a civil case, or by the defendants in criminal cases, it not being essential that the State should have the right in criminal cases to trial by jury on demand; nor is the constitutional character of such court destroyed by a provision for the trial of cases by the judge, without a jury, when a jury is not demanded by either party in civil cases or by the defendant in criminal cases.

We answer the question of the Court of Appeals in the affirmative.    *All the Justices concur.*

RUSSELL, C. J., specially concurring. I thoroughly agree that the question asked by the Court of Appeals must be answered in the affirmative. I concur in the reasons so clearly presented by Mr. Justice Hines. However, I base my concurrence in the answer to the Court of Appeals upon additional considerations, which, I think, are permissible in view of the number and variety of the previous rulings of this court upon the constitutionality of various, city courts in this State.

I have no doubt that under the rulings in *Mattox* v. *State,* 115 *Ga.* 212 (41 S. E. 709), *Kieve* v. *Ford,* 111 *Ga.* 30 (36 S. E. 293), *W. & A. Railroad Co.* v. *Voils,* 98 *Ga.* 446 (supra), and *Williams* v. *State,* 138 *Ga.* 168 (74 S. E. 1083), the city court of Thomasville would be preserved as one of the courts from which a writ of error would lie to the Court of Appeals. In the *Mattox* case this court held: " The constitution of this State guarantees to litigants in all cases tried in a city court the right to demand a trial before a jury of twelve persons; and a provision in an act creating a city court, taking away this right in suits where the principal sum involved is fifty dollars or less, is unconstitutional and void. Such a provision is not, however, such an important part of the scheme of the act creating a city court as that its invalidity will have the effect of rendering void the entire act." See also *Welborne* v. *State,* 114 *Ga.* 793 (supra), in which the four essential qualities of a city court within the meaning of that term as used in the constitution are defined, and in which it was also held that it is immaterial what may be the other details prescribed in " reference to the manner of appointment of judges and other officers, practice, procedure, etc." At the time the constitution of 1877 was adopted the only city courts eo nomine in this State were those of Atlanta and Savannah, and the present constitutional provision giving the right of review by writ of error from these two courts is almost identical with the previous provisions upon the same subject in the constitutions of 1865 and 1868, except in the substitution of the word Atlanta instead of Augusta. This was for the reason that the act creating the city court of Augusta had been repealed in 1876. In each and all of these constitutions jurisdiction was conferred upon the Supreme Court " for the trial and correction of errors . . from the city courts [naming them], and such other like courts as may *hereafter* be established in other cities."

By the amendment to the constitution of 1877, which was ratified by the people in 1916, the Court of Appeals was given jurisdiction to correct errors upon writs of error not only from the city courts of Atlanta and Savannah, and not only from such city courts as might *hereafter* be established, but the express right was conferred upon the Court of Appeals to review by writ of error rulings of city courts which *"have been established"* prior to the adoption of the amendment. Consequently it seems perfectly plain to me, that, without considering the differences as to the civil and criminal jurisdiction in any of these courts, a writ of error would lie from the city court of Thomasville, and indeed from any and all of the courts referred to by Mr. Justice Hines which had stood the test prescribed by this court in its various previous decisions.

See also amendment of 1906, creating the Court of Appeals.

It must also be presumed that the existence of all the city courts which had theretofore authority to entertain writs of error to the Court of Appeals were in the mind of the legislature, and of the people of Georgia when they adopted the amendment to the constitution above referred to; and that this amendment removed any doubt as to whether they were courts *like* the city courts of Savannah and Atlanta, as to which Mr. Justice Cobb, in discussing the meaning of the words "like courts," and after comparing the general character of these two courts, said: " The points of similarity between the two courts were few; the points of dissimilarity were many." In my view of the matter, it was the intent of the framers of the constitution that the *likeness* was to be determined more from similarity of substance than from form, and the *likeness* is to consist primarily in a like fitness for the needs of the particular community to be served, rather than in a similarity or even identity in nonessentials. The purpose of the framers of the constitution was to create subordinate courts, so as to relieve the superior courts from the congestion and delay incident to the trial of a mass of litigation of which the superior court was not clothed with exclusive jurisdiction. It seems to me that in carrying out this original purpose, if the right of trial by jury was preserved to both parties in a civil case, and to the defendant in criminal cases, the mere fact that an act creating a city court failed to declare the number of jurors as twelve would not avoid the act; though, if the point was raised and twelve jurors

(selected in the manner prescribed for superior courts) were demanded, any provision for a less number of jurors than twelve would be nugatory, because in violation of paragraph 1 of section 18 of article 6 (Civil Code of 1910, § 6545) of the constitution, which only provides that a lesser number than twelve may be had in courts other than superior and city courts. There is no ruling which requires this court to declare that the city court of Thomasville is not such a court like the courts that have been established since 1877, and up to the constitutional amendment of 1916, to which we have referred.

In view of our past history and practice, as well as the immeasurable injury which would result from a contrary holding, I am compelled to hold (and I would hold even if in doubt) that the city court of Thomasville is ejusdem generis. The question before us relates solely to the jurisdiction of the Court of Appeals, and it is my opinion that the amendment to the constitution adopted in 1916 (article 6, section 2, paragraph 9, Civil Code (1910), § 6506) gives the city court of Thomasville the quality as to which the Court of Appeals makes inquiry. As said by Lumpkin, J., in *Boston* v. *Cummins,* 16 *Ga.* 102, 105 (60 Am. D. 717): "Acts of the legislature are not only presumed to be constitutional, but the authority of the courts to declare them void will never be resorted to except in a clear and urgent case — one which is directly in the teeth of the constitution — one which requires no nice critical acumen to decide on its character, but which is as obvious to the comprehension of any person as an axiomatic truth; as, that all the parts are equal to the whole, or that two and two make four." Chief Justice Marshall in Fletcher *v.* Peck, 6 Cranch, 128, says that before an act shall be set aside as unconstitutional, "the opposition between the law and the constitution should be such that the judge feels a clear and strong conviction of their incompatibility with each other." In *Heard* v. *State,* 113 *Ga.* 444, 447 (39 S. E. 118), Mr. Justice Lumpkin says: "Mere doubt as to the constitutionality of a particular enactment settles its validity." If I had nothing more than these expressions of these great judges to guide my faltering footsteps, and especially in view of the amendment to the constitution in 1916, defining the jurisdiction of the Court of Appeals, I would willingly answer the question asked by the Court of Appeals in the affirmative.