13704. INMAN GROCERY COMPANY *v.* WILLIAMS.

STEPHENS, J. 1. Notwithstanding the answer of the Supreme Court to certified questions propounded in this case (155 *Ga.* 900), which were certified prior to that court's decision in *Cone* v. *American Surety Co.,*
     48

154 *Ga.* 841 (115 S. E. 481), this court will retain jurisdiction and not dismiss the writ of error. See also Ga. L. 1915, p. 94.

2. Parties who contract will not be presumed to intend to perform their contractual obligations by doing illegal acts.

3. A contract between two grain dealers for the sale of a commodity composed of mixed ingredients designed as feed for mules and described and known to the trade, as "Competitor Cane Feed," necessarily implies that the seller when performing will deliver a commodity which meets all the requirements of law as to registration with the agricultural department of the State as a condition precedent to its sale within the State. The fact that "Competitor Cane Feed" has not been registered as required by law, or that the ingredients of a compound designated as "Competitor Cane Feed" had been refused registration because of the inferior character of the ingredients as a feed, will not absolve the seller from his obligation to legally perform his contract and deliver to the buyer a "Competitor Cane Feed" meeting all the requirements and which can be legally sold within the State. The fact that a commodity described as "Competitor Cane Feed" is not put up by the seller and can be obtained by him only from a certain dealer, who puts out a commodity under this designation which has been refused registration in this State, will not relieve the seller of his obligation to perform his contract.

4. In a litigation between the contracting parties, in which the purchaser seeks to recover damages arising from the seller's failure to deliver the commodity purchased in accordance with the terms of the contract, where there is no evidence as to the market value at the time and place of delivery of the commodity contracted to be sold, evidence as to the market value of other mule feeds at the time and place of delivery, in the absence of any evidence as to the particular elements composing such other mule feeds, and the similarity of their ingredients to those of the mule feed contracted for and also in the absence of any evidence as to the particular elements composing the mule feed contracted to be sold, no sufficient data is furnished whereby a jury could estimate the defendant's damage.

5. This being a suit by the seller against the purchaser to recover the purchase-price of certain commodities actually delivered under the contract, the correctness of which the defendant admits, though he pleads by way of set-off an alleged breach by the seller in failing to deliver other commodities contracted for as above indicated, the verdict rendered for the defendant was, in the absence of any proof as to the defendant's damage, without evidence to support it.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 22, 1923.

Complaint; from city court of Fort Gaines — Judge Turnipseed. May 8, 1922.

*Zach. Arnold,* for plaintiff. *E. E. King,* for defendant.