26118. WILLIAMS *v.* MILLER *et al.*

DECIDED MAY 22, 1937.    REHEARING DENIED JULY 2, 1937.

*Charles W. Anderson, D. F. Black,* for plaintiff.
*Clarke & Clarke,* for defendants.

SUTTON, J. This was a trover suit for an automobile. There was a verdict for the defendants, and the plaintiff came to this court by direct bill of exceptions which contains but two assignments of error: (1) That the court erred in failing to direct a verdict for the plaintiff on her own motion for such direction. (2) That the court erred in refusing to give to the jury, as requested by the plaintiff, this charge: "There is an amendment in this case allowed, gentlemen, by the plaintiff, averring and charging that 'Miller and Bryant' is a trade-name, that such trade-name was never registered as required by law. You may look to the evidence in this case to see if such averment is true. If you find that this averment has been proved, there can be no verdict for the defendants."

■ No brief of evidence is embodied in the bill of exceptions or attached thereto, and no evidence authorizing a recovery by the plaintiff is set out in the bill of exceptions. For this reason no error is shown by the first assignment of error. Furthermore, it is never error for the court to fail to direct a verdict. *Roper Grocery Co.* v. *Faver,* 8 *Ga. App.* 178 (68 S. E. 883); *Owen* v. *Palmour,* 115 *Ga.* 683 (42 S. E. 53); *Kelly* v. *Strouse,* 116 *Ga.* 872 (3) (43 S. E. 280); *Cureton* v. *Cureton,* 132 *Ga.* 745 (4) (65 S. E. 65).

■ The only evidence for the plaintiff contained in the bill of exceptions is by her attorney, to the effect that the firm name of Miller and Bryant was not registered in the office of the clerk of the superior court of Fulton County, as provided by the act requiring the registration of trade-names. The only evidence for the defendants, as contained in the bill of exceptions, was that of E. C. Bryant, to wit: "A. F. Miller and I did business together at 99 Auburn Avenue. The Miller referred to in this contract signed by Mrs. Jackson is A. F. Miller, and the Bryant referred to therein is myself, E. C. Bryant. The names Miller and Bryant are not fictitious names, but are the right names of Mr. Miller and myself. Both Mr. Miller and I talked and negotiated with Mrs. Jackson, and she sold the car to us, and directed us to pay off the C. I. T. Corporation, the storage charges at the Black & White garage, and take possession of the car; all of which we did. We have never used any names in the conduct of our business other than our own names." Under the record it was not error for the court to fail to give the requested charge as set out in the second assignment of error, there being no evidence, so far as the record shows, that authorized a recovery for the plaintiff.

*Judgment affirmed.* *Stephens, P. J., and Felton, J., concur.*