BUKOFZER *v.* UNITED STATES GRAND LODGE I. O. S. B.

*(Supreme Court, General Term, First Department. October 16, 1891.)*

1. INSURANCE—MUTUAL BENEFIT ASSOCIATION—FORFEITURE.
   Where the constitution of a mutual benefit association provides that a member shall forfeit all right to the endowment fund "when he is in arrears with his dues and assessment for a period of six months," such forfeiture does not occur as soon as he owes six months' dues, they being payable at the end of each quarter; for he is not six months in arrears until six months after the day when his payments are due.

2. SAME—ACTION ON DEATH CLAIM.
   The provision of article 4 of the constitution of the Independent Order Sons of Benjamin that, in case of disputes, "the members shall exhaust their remedies in the order before resorting to a court of law," has reference to disputes of members among themselves, within the order, and does not apply to a contest with the order itself over payment of a death claim.

Appeal from circuit court, New York county.

Action by Meyer Bukofzer against the United States Grand Lodge of the Independent Order Sons of Benjamin for an endowment due plaintiff. From a judgment for the plaintiff entered up upon a verdict directed by the court, and from an order denying a motion for a new trial on the judge's minutes, defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*G. & M. Levy,* (*Mitchel Levy,* of counsel,) for appellant. *Herman Aaron,* for respondent.

BARTLETT, J. The principal question in this case is whether the plaintiff was in arrears with his dues and assessments for a period of six months at the time of his wife's death. If he was, he cannot maintain the action. His wife died on August 8, 1888. Up to December, 1887, all the plaintiff's dues were paid in full, and nothing further became payable until March, 1888, when the plaintiff was required to pay five dollars dues and assessments. This amount, however, he did not pay until September, 1888, after the death

of his wife. A further sum of five dollars for dues and assessments had be--come payable in June, 1888, and this also was paid by plaintiff in September of the same year. In behalf of the appellant it is insisted that the plaintiff is to-be deemed in arrears for a period of six months, because at the time when his wife died he owed the defendant organization $10, being the dues and assessments for the six months beginning with January, 1888. But the constitution of the defendant does not say that a member shall lose the benefit of the endowment fund whenever he owes six months' dues. That forfeiture is only to occur when he is in arrears for the prescribed period. A person can--not be properly said to be in arrears until the time of payment has come and gone; and the time when the plaintiff was required to pay did not come until March, 1888. He could not be six months in arrears until six months from that date; and, as his wife died in less than six months from that date, he was. not six months in arrears with his dues and assessments at the time of her death. Upon the conceded facts of the case, it was not essential for the plaintiff to secure the approval or disapproval of his claim by the executive and endowment committees of the defendant before beginning this action. The defendant, by the stipulation printed in the appeal book, waived all question as. to the sufficiency of the notice of death or of the plaintiff's claim, and admitted that payment had been duly demanded. Under the circumstances, it was the plain duty of the committees to approve and pay the claim, and their neglect to do so cannot debar the plaintiff from maintaining this suit. The provision in the fourth article of the constitution of the defendant, to the effect that, in cases of dispute, "the members shall exhaust their remedy in the order before resorting to a court of law," relates not to controversies with the order itself, but to controversies of members with one another within the order.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., concurs.

BARRETT, J. I agree that the judgment, and order denying motion for new trial, should be affirmed, with costs.