SURA SHAEVA POTIEVSKA, alias SURA SHEAVE PATT, Respondent, v. INDEPENDENT WESTERN STAR ORDER, Appellant.

**St. Louis Court of Appeals, December 15, 1908.**

1. **INSURANCE: Fraternal Beneficiary Societies: Exhausting Remedies in the Order.** In an action by the beneficiary in a benefit certificate issued by a fraternal beneficiary association, to recover the amount due on the death of the insured, where the by-laws of the association provided that such certificates were issued on condition that the beneficiaries should exhaust all remedies and appeals in the tribunals of the order before bringing suit, though the by-laws provided for a consideration of such claims by a committee on endowment and the executive board and a notice of the action of the lodge to a claimant by the grand secretary, a notice by the grand master that the claim would not be paid was sufficient to justify an action at law, where it was shown that the grand master was general superintendent of the order and had authority to construe the constitution and the by-laws of the order and decide all questions of law, and was ex officio member of all committees.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule*, Judge.

AFFIRMED.

*William A. Jonesi, Joseph McCoy* and *John B. Denvir, Jr.*, for appellant.

The steps prescribed by the constitution and by-laws of the order were not taken before this action was brought, hence there can be no recovery. Poultney v. Buchanan, 31 Hun 54; Harrington v. Benevolent Assn., 70 Ga. 342; Smith v. Tribe No. 11 I. O. R. M., 57 Md. 98; Burns v. Protective Union, 10 N. Y. S. 916; Canfield v. Maccabees, 87 Mich. 626; Rood v. Benefit Assn., 31 Fed. 62; Anacosta Tribe of Red Men v. Murbach, 13 Md. 91; Toran v. Association, 4 Pa. St. 519; Society v. Vandyke, 2 Whort. 309; Woolsey v. Odd Fellows, 61 Ia. 492.

*Jamison & Thomas* for respondent.

(1)  Plaintiff is sufficiently identified as the widow of Hyman Patt. Identity of name raises the presumption of identity of person.  Geer v. Lumber & Mining Co., 134 Mo. 85; State v. Kelso, 76 Mo. 505; La Reviere v. La Reviere, 77 Mo. 512; Long v. McDow, 87 Mo. 197; State v. McGuire, 87 Mo. 642.  (2)  The certificate of membership introduced in evidence raises the presumption that Hyman Patt was a member of defendant order at the time of his death, and the burden is upon defendant to show the contrary.  Bacon on Insurance, sec. 414; Mulroy v. Supreme Lodge, 28 Mo. App. 463; Forse v. Supreme Lodge, 41 Mo. App. 106; Siebert v. Supreme Council, 23 Mo. App. 268.  (3)  Plaintiff was not obliged to furnish any proofs under the state of facts shown in this case.  Bacon on Insurance, sec. 413.  (4) Parties cannot by agreement oust the courts of jurisdiction.  Bacon on Insurance, sec. 450, p. 1150; Daniher v. Grand Lodge (Utah), 37 Pac. 248.  (5)  Non-members are not bound to exhaust remedies within the order before bringing suit.  Damber v. Grand Lodge (Utah), 37 Pac. 248; Maxwell v. Family Prop. Union, 115 Ga. 475; Burlington v. White, 41 Neb. 547; Grand Lodge v. Randolph, 84 Ill. App. 220; Bukofzer v. Grand Lodge, 61 Hun 625, 15 N. Y. Supp. 922; Kumle v. Grand Lodge, 110 Cal. 204; Aid Assn. v. Loomis, 43 Ill. App. 607.  (6)  Unreasonable and onerous requirements as to preliminaries before resort is had to the courts will not be enforced.  Bacon on Insurance, sec. 450a; Harris v. Wilson, 86 Mo. App. 406; Colley v. Wilson, 86 Mo. App. 396; McMahon v. Maccabees, 151 Mo. 522; Brown v. Sup. Council, 176 N. Y. 132; Lillie v. Brotherhood, 114 Iowa 252; Miller v. Forresters, 70 N. H. 327. (7)  But defendant's denying liability on the ground that Patt was a myth constituted a waiver by defendant of all other grounds of exemption.  Bacon on In-

surance, sec. 413; Dezell v. Fidelity & Casualty Co., 176 Mo. 253; Probst v. Insurance Co., 64 Mo. App. 408; McComas v. Insurance Co., 56 Mo. 573; Rippstein v. Insurance Co., 57 Mo. 86; Welsh v. Life Society, 81 Mo. App. 30; Keller v. Insurance Co., 95 Mo. App. 627; Cauveren v. Order of Pyramids, 98 Mo. App. 433; Weber v. Order of Pyramids, 104 Mo. App. 729; Jefferson v. Life Assn., 69 Mo. App. 126; Landis v. Insurance Co., 56 Mo. 591; Wuerfler v. Trustees, 116 Wis. 19.

GOODE, J.—Appellant, a fraternal beneficial association, issued a certificate of membership to Keimann Patt on November 16, 1905, by which it agreed to pay $500 to the beneficiary named and provided for by the laws of the order. The insured died in 1906, and the amount due under the certificate was claimed by respondent as his wife. Patt was a Russian who came to this country about 1903. His real name was Heimann Potievska, but finding that name inconvenient, he had it changed to Patt. The order refused to pay the indemnity to respondent and she instituted this action to recover it. The defense is placed on two grounds; or at least two grounds are all that need be considered on the appeal: first, that respondent was not the wife of Heimann Potievska, or Patt; second, that before bringing suit she did not exhaust her remedies in the tribunals of the order as the constitution and by-laws provided she must. Respondent is still in Russia, not having joined her husband here prior to his death. As far as the first point is concerned, it may be dismissed with ·the remark that the evidence abundantly shows she was the wife of the insured; for one witness testified to being present at her marriage to him and another knew her in Russia as his wife. Certainly there was evidence from which the court might find she was his wife, and there can be no doubt this was true and that she is the person entitled to the indemnity. The laws of the order declare certificates are issued on condition that the bene-

ficiaries of deceased members shall exhaust all remedies and appeals in the tribunals of the order before bringing an action at law on the certificates. After receiving a certificate of the death of the insured, issued by the board of health and transmitted by the president of the local lodge to which the deceased belonged, and after receiving also a letter from respondent's attorney demanding payment of the indemnity, the grand master of the order called on the attorney at the latter's office, and was shown the papers pertaining to the demand; the benefit certificate and other documents which the attorney had in charge as representing the claimant. The attorney demanded payment of the indemnity, which the grand master refused; giving as his reason that Patt was a myth and there had been no such man. This reason, like the contention that respondent was not the wife of the insured, is unsupported by evidence. We think the positive testimony concerning both questions establishes beyond doubt there was such a man as Patt; that he was insured in the appellant order, and respondent is his widow. No other step was taken by respondent or her attorney prior to the institution of the present action, to have the claim allowed by the order. For this reason it is insisted she cannot recover. The question turns, or properly may be made to turn, on the provisions of the constitution and by-laws regarding what must be done when a member holding a benefit certificate dies, in order to adjust the claim for indemnity. On receipt by the grand secretary of notice of the death of such a member, the constitution and by-laws require a body called the endowment committee, to inquire concerning the initiation of the deceased, his condition at the time of becoming a member, the physician's certificate of medical examination, the cause of death, age of the deceased, proof of death, beneficiaries entitled to receive indemnity, and all other facts pertaining to the case, and report their finding to another body called the executive board. If the en-

dowment committee is in doubt regarding the legality of a death claim, and reports without recommending it be paid, it is their duty to refer to the executive board "all questions and details" affecting its legality; whereupon it is provided the executive board shall immediately take action, and through the grand secretary report the result of the action to the beneficiary of the certificate. It is also provided that if the committee on endowment fails, refuses or neglects to act in the prescribed manner during a stated period certain officials, to-wit: the grand master, grand secretary and chairman of appeals, shall perform the duties of the committee. Another by-law declares all actions and decisions of the executive board shall be final; subject only to an appeal to the grand lodge. Another says that on the death of a member, the recording secretary of his lodge shall notify the grand secretary in writing, and furnish a certificate of the board of health of the city wherein the deceased resided. Another by-law provides that no member during his life, or the beneficiary after his death, shall bring any action at law until all remedies within the tribunals of the order have been exhausted. It thus will be seen it was the duty of the subordinate lodge to which the deceased belonged (John Rice No. 103) to notify the grand secretary of Patt's death, furnish the facts thereof and a certificate of the board of health of the city where he died; and on receipt of the notice and certificate furnished by the subordinate lodge, it was the duty of the endowment committee to investigate, *sponte sua*, the death of the insured and respondent's claim, and report to the executive board, either with or without a recommendation that the claim was valid. Then it became the duty of the executive board to take action immediately on said report and give notice of their decision to the beneficiary through the grand secretary. The by-laws provided the board's decision should be final, and that the beneficiary was not required to go further before suing in a judicial

court; but he was accorded the privilege of an appeal from the decision of the executive board to the grand lodge. There was no proof the grand secretary transmitted to respondent, as beneficiary, any notice of the decision of the executive board on her claim. But the grand master notified her attorney it would not be paid, and the question is whether this act of the grand master sufficed to bind the order as would a notice sent by the grand secretary. The grand master's duties and powers are very comprehensive. The powers of general superintendent of the order are conferred on him; also authority to construe all parts of the constitution and by-laws and decide any question of law, subject to an appeal. He is ex-officio member of all committees and must perform such other duties as may be imposed on him or required for the good of the order; must submit his acts to the executive board; and is given authority to pay valid death claims to beneficiaries unless it is directed otherwise by the executive board. Such payments may be made either by the chairman of the endowment committee, or the grand master, or any one authorized by the latter at a meeting of the subordinate lodge of which the insured was a member. These recitals of provisions in the constitution and by-laws, demonstrate the grand master was clothed with such an appearance of authority regarding the claim of respondent, or any like claim, when he said the claim would not be paid because her husband was a myth, as warranted respondent in assuming that the executive board had rejected her claim; an act that gave her the right, under the by-laws, to sue in a judicial court without appealing further to the order. If the grand master spoke within his authority, what he said amounted to a total denial of liability and dispensed with further preliminaries by the respondent. [Landis v. Insurance Co., 56 Mo. 591; Delsell v. Casualty Co., 126 Mo. 253.] It is doubtful on the weight of authority, whether respondent as beneficiary, was bound by the by-law which

required members and beneficiaries to proceed before the executive board before resorting to a judicial court but this point we do not decide. [Bacon, Insurance, sec. 450; Grand Lodge v. Randolph, 84 Ill. App. 220; Maxwell v. Union, 115 Ga. 475; Bukofzer v. Grand Lodge, 15 N. Y. Supp. 922.]

The judgment is affirmed. All concur.