TADDONIO v. BROTHERHOOD SOCIETY OF POMARICUS, NICCOLO FIORENTINO.

(Supreme Court, Appellate Term.    June 21, 1912.)

1. INSURANCE (§ 750*)—BENEFITS—BY-LAWS—APPLICABILITY.
    Where a member of a fraternal society, entitled under the by-laws to death benefits, did not give notice of his going abroad, as required by the by-laws of the society, declaring that a member going abroad may keep his membership in abeyance for one year without payment of dues by notice, and declaring that a member's absence abroad without such notice should not preclude his representative from obtaining the death benefits, the right to recover death benefits on the death of a member while abroad was not controlled by such by-laws.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1895, 1896; Dec. Dig. § 750.*]

2. INSURANCE (§ 750*)—BENEFITS—NONPAYMENT OF DUES.
    Under the by-laws of a fraternal society, providing that a member who is in arrears for two consecutive months loses all rights of membership, and making dues payable personally at the monthly meeting held about the 10th of each month, a member who paid his dues on July 10th, and who died September 21st without paying further dues, had not forfeited his rights of membership, since until the meeting in August he was not in arrears, and from August 10th two months did not elapse until his death.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1895, 1896; Dec. Dig. § 750.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Anna Taddonio, administratrix of Giovanni Taddonio, deceased, against the Brotherhood Society of Pomaricus, Niccolo Fiorentino. From a judgment of the Municipal Court dismissing the complaint at the close of plaintiff's case, she appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Alfonso Bivona, of New York City, for appellant.
Nicholas Selvaggi, of New York City, for respondent.

LEHMAN, J. [1] The plaintiff brought suit for the amount of the death benefits, which, she claims, accrued by reason of the death of the intestate under the by-laws of the defendant. The plaintiff's intestate paid his dues on July 10th. He went to Italy on July 12th, and died on September 21st. The by-laws of the defendant contain a provision that, if a member goes abroad, he may keep his membership in abeyance for one year without payment of dues, by notice to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the president. The plaintiff's intestate did not give such notice, and the by-laws clearly provide that an absence abroad does not preclude a member's representative from obtaining the death benefits, if the member prefers not to avail himself of the benefit of this provision before departure. The by-law, therefore, has no application in this case.

[2] The by-laws also provide that "a member who is in arrears for two consecutive months loses all rights of membership." The defendant claims that the intestate has forfeited his rights of membership by failure to pay his dues for the period between July 10th and September 21st. In the case of Bukofzer v. Independent Sons of Benjamin, 15 N. Y. Supp. 922,[1] affirmed 139 N. Y. 612, 35 N. E. 204, on "opinion below," the court stated, in construing a similar provision in the constitution of a mutual benefit society:

"The constitution of the defendant does not say that a member shall lose the benefit of the endowment fund whenever he owes six months dues. That forfeiture is only to occur when he is in arrears for the prescribed period. A person cannot be properly said to be in arrears until the time of payment has come and gone."

I cannot distinguish that case from the one at bar. The dues in this case were payable personally at the monthly meeting, which was held about the 10th of each month. Until the meeting in August the intestate was not in arrears. From that date two months had not elapsed until the death of the intestate, and he was, therefore, not "in arrears for two consecutive months."

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 61 Hun, 625.

